**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Andre Michael Leteve, | No. CV-25-00622-TUC-JGZ |
| Plaintiff, | **ORDER** |
| v. | |
| Ryan Thornell, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff's Motion for Leave to File an Amended Complaint. (Doc. 16.) The Court will grant Plaintiff's Motion[1] and screen Plaintiff's First Amended Complaint under 28 U.S.C. § 1915A(a).

## I.   Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1)–(2).

---

[1] "A party may amend its pleading once as a matter of course no later than . . . 21 days after serving it, or . . . 21 days after service of a responsive pleading." Fed. R. Civ. P. 15(a)(1)(A)–(B). Defendant Thornell was served on April 3, 2026, (*see* Doc. 18), and as of the filing date of this Order, no defendant has appeared or filed a responsive pleading. Additionally, the Court's first screening order contemplated amendment pursuant to Rule 15. (*See* Doc. 8 at 17.) Thus, the Court grants Plaintiff leave to amend to the extent leave of court is required given this posture.

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe [self-represented litigant's] filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a self-represented prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

## II.  Discussion

Plaintiff's original Complaint asserted three counts against Defendants Arizona Department of Corrections, Rehabilitation & Reentry (ADCRR) Director Ryan Thornell, ASPC-Tucson Warden Jorge Martinez and Deputy Warden Danny Mendoza, and Sergeant Mario Tuccino.[2] (*See* Doc. 1.) In a December 8, 2025 Order, the Court screened Plaintiff's

---

[2]  In the caption and when listing defendants, Plaintiff names Sergeant "Mario Tuccino," (Doc. 1 at 1–2), but when describing the facts supporting his claims, Plaintiff names Sergeant "Toccino," (*see id.* at 4–5). In documents attached to the original complaint, the official's name is spelled "Tussino." (*See, e.g., id.* at 33–34, 49.) The Court will refer to Defendant "Tuccino" because that spelling is found in the caption of the complaint and on the docket.

- 2 -

original Complaint pursuant to 28 U.S.C. § 1915A(a). (Doc. 8.) The Court ordered Defendant Martinez to answer Count Two and Defendant Thornell to answer Count Three, in their official capacities only. (*Id.* at 9, 17.) The Court dismissed Plaintiff's remaining claims and Defendants Mendoza and Tuccino without prejudice. (*Id.* at 8–15, 17.)

In his First Amended Complaint (FAC), Plaintiff adds to his allegations in Count One and leaves Counts Two and Three unchanged. (*See* Doc. 16.) Although an "amended complaint supersedes the original, the latter being treated thereafter as non-existent," *Ramirez v. County of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015) (citation omitted), the Court's reasoning and conclusions in the initial screening order remain applicable to Counts Two and Three of the FAC, which are unchanged from the original complaint. *See Antonetti v. McDaniels*, No. 16-CV-00396, 2018 WL 11362954, at *2 n.3 (D. Nev. May 25, 2018) ("With respect to the counts that Plaintiff has not amended, the Court's rulings from the original screening order . . . apply."). Thus, the Court incorporates its initial holdings regarding Counts Two and Three by reference, (*see* Doc. 8 at 9, 12–15, 17), and will screen Count One of the FAC.[3]

**A. Count One**

In Count One, Plaintiff raises a claim regarding his due process rights and access to the courts. Plaintiff makes the following allegations. He ordered a two-volume legal resource to assist his attorney in his post-conviction proceedings,[4] received the books in 2021, and received annual updates in 2023 and 2024. (Doc. 16-1 ¶¶ 2–3, 15.)[5] After he was moved to ASPC-Tucson, he purchased the 2025 update, which was shipped to him. (*Id*. ¶ 4.) Although Defendant Tuccino signed for the shipment, Plaintiff did not receive the update. (*Id*. ¶¶ 4–5.) In violation of ADCRR policy, contraband forms were not

---

[3]  Because the only change to Count One between the FAC and original complaint is the addition of Paragraph 5.1, the analysis of Count One that follows is largely, but not entirely, duplicative of the initial screening order's analysis of Count One. (*See* Doc. 8 at 7–12.)
[4]  Plaintiff states he was sentenced to death, is not constitutionally entitled to assistance of counsel in his proceedings seeking post-conviction relief, and uses the legal resource to file his own motions. (Doc. 16-1 at 4, ¶¶ 1, 14–15.)
[5]  Plaintiff's factual allegations supporting Count One begin in numbered paragraphs on page 4 of the FAC. (Doc. 16-1 at 4.) Citations to paragraph numbers in this Section refer to those paragraphs, rather than the numbered paragraphs in preceding sections of the FAC. (*See id.* at 4–8.)

filled out and given to Plaintiff, Plaintiff was not given an opportunity to appeal, and Defendant Tuccino "refused to fill out the package tracking document for all documents/items arriving in the mailroom." (*Id*. ¶¶ 5, 6.) The annual update was not returned to the publisher, and Plaintiff believes the update was destroyed. (*Id*. ¶¶ 6, 13.)

Plaintiff filed a grievance regarding Defendant Tuccino's alleged violations of his rights to due process and access to the courts and "right to participate in his capital appeals." (*Id.* ¶ 7.) The Department's second level grievance appeal decision stated Defendant Tuccino's decision to reject the package and return to sender was consistent with Department policy. (*Id.* ¶ 5.1.) Plaintiff asserts that under DO 914.9.3.5, the decision to allow or exclude a publication by one complex shall be binding on all other complexes. (*Id.*) Plaintiff claims, therefore, that prior decisions by Florence and Eyman complexes to approve and deliver the updates to Plaintiff were binding on the Tucson complex. (*Id.*) As a result, Plaintiff claims Defendant Tuccino followed a custom at ASPC-Tucson not to follow Department Orders that favor inmates' rights. (*Id.*) In support of his claim that Defendant Tuccino's actions evidence a custom, Plaintiff claims two other inmates had property denied and returned to vendors without notification. (*Id.*)

Plaintiff claims he spoke with ADCRR's general counsel, who "agreed with Plaintiff that [Defendant] Tuccino[] refusing to process the . . . update interfered with Plaintiff[']s access to the courts." (*Id*. ¶ 8.) According to Plaintiff, the general counsel claimed it was "impossible to create an exhaustive approved[-]vendors list" but she would add the publisher to the list. (*Id.*) Plaintiff claims this demonstrates the update did not "violate[] any legitimate penological interest." (*Id*. ¶ 17.)

Plaintiff contends Defendant Tuccino violated the Fourth Amendment by confiscating and destroying the annual update. (*Id*. ¶ 11.) He asserts Defendant Tuccino violated his First Amendment and due process rights to receive legal materials that did not violate any policy prohibitions. (*Id*. ¶ 12.) Plaintiff also claims Defendant Tuccino "and by extension [Defendant] Thornell," interfered with his "ability to participate in his active and ongoing Capital appeals litigation" and prevented him from "receiving the research book

update[] necessary to present any further unknown legal arguments to protect the record on appeal." (*Id*. ¶¶ 10, 14, 16.) Finally, Plaintiff claims Defendant Tuccino "disregard[ed] policy" and "fail[ed] to provide contraband notice," which prevented Plaintiff from challenging and appealing the decision to designate the update as contraband and failed to "create a record to prove [the update was] returned." (*Id.* ¶ 13.)

### B. Screening

#### 1. Count One - Individual Capacity Claims

A suit against a defendant in his or her individual capacity seeks to impose personal liability upon the official. *Kentucky v. Graham*, 473 U.S. at 165–66. For a person to be liable in his or her individual capacity, "[a] plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

To state a valid claim under § 1983, plaintiffs must allege that they suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant. *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976). There is no respondeat superior liability under § 1983, and therefore, a defendant's position as the supervisor of persons who allegedly violated Plaintiff's constitutional rights does not impose liability. *Monell*, 436 U.S. 658; *Hamilton v. Endell*, 981 F.2d 1062, 1067 (9th Cir. 1992); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. "A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." *Barren*, 152 F.3d at 1194.

#### a. Fourth Amendment and Due Process

The Fourth Amendment does not protect an inmate from the seizure of his property. *Hudson v. Palmer*, 468 U.S. 517, 528 n.8 (1984); *see also Taylor v. Knapp*, 871 F.2d 803, 806 (9th Cir. 1989) (holding no Fourth Amendment claim arose from seizure, conversion,

- 5 -

and destruction of inmate's assets). Such a claim would arise, if at all, under the Due Process Clause of the Fourteenth Amendment.

The "Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty, or property." *Daniels v. Williams*, 474 U.S. 327, 328 (1986). Although Plaintiff alleges Defendant Tuccino intentionally deprived him of the updates, even unauthorized and intentional deprivations of property do not constitute a violation of procedural requirements of the Due Process Clause if a meaningful post-deprivation remedy for the loss is available. *Hudson*, 468 U.S. at 533.

Arizona provides a meaningful and adequate post-deprivation remedy through the prison grievance system, specifically Department Order 909(8.0). *Dennison v. Ryan*, 522 F. App'x 414, 417–18 (9th Cir. 2013); *Aldrete v. Ariz. Dep't of Corr.*, 2011 WL 30959, at *7 (D. Ariz. Jan. 3, 2011). But even if the prison grievance system remedy was not available, the availability of a common-law tort suit against a state employee constitutes an adequate post-deprivation remedy. *Hudson*, 468 U.S. at 534-35; *see also Wright v. Riveland*, 219 F.3d 905, 918 (9th Cir. 2000) (both state tort claims *and* prison grievance procedures provide adequate post-deprivation remedies). Thus, the Court will dismiss Plaintiff's Fourth Amendment and due process claims against Tuccino with prejudice. Plaintiff had an opportunity to amend these claims, and the Court finds that further attempts to amend would be futile.

### b.      Access to the Courts

As a matter of standing for an access-to-courts claim, a plaintiff must show he suffered an "actual injury"—i.e., "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Lewis v. Casey*, 518 U.S. 343, 348 (1996) (citation omitted); *see also Davis v. Goord*, 320 F.3d 346, 352 (2d Cir. 2003) ("Mere 'delay in being able to work on one's legal action or communicate with the courts does not rise to the level of a constitutional violation.'") (citations omitted); *cf. Silva v. DiVittorio*, 658 F.3d 1090, 1104 (9th Cir. 2011) (actual injury alleged where plaintiff claimed pending lawsuits had been dismissed as the result of

defendants' actions).

Moreover, where a prisoner is asserting a backward-looking denial of access claim—one that seeks a remedy for a lost opportunity to present a legal claim—he must show, among other things, "the loss of a 'nonfrivolous' or 'arguable' underlying claim." *Phillips v. Hust*, 477 F.3d 1070, 1076 (9th Cir. 2007), *vacated on other grounds*, 555 U.S. 1150 (2009). A plaintiff does not have to show that his claim would have ultimately been successful on the merits, *id.*, but he must show that it had arguable merit, *Lewis*, 518 U.S. at 353 n.3.

Plaintiff does not allege he suffered an actual injury or he was prevented from asserting a nonfrivolous or arguable claim. His assertion that he was prevented from presenting "any further unknown legal arguments" is entirely speculative. Thus, Plaintiff has failed to state an access-to-the-courts claim.

### c.    First Amendment

Although prisoners have "a First Amendment right to send and receive mail," *Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir. 1995), a single mistake or occasional incident of mishandling of mail, legal or nonlegal, without any evidence of improper motive or of actual interference with the prisoner's right to counsel or access to the courts, does not rise to the level of a constitutional violation. *Smith v. Maschner*, 899 F.2d 940, 944 (10th Cir. 1990).

As previously discussed, Plaintiff has failed to demonstrate actual interference with his access to the courts. Moreover, Plaintiff's allegations suggest that Tuccino was acting pursuant to a pre-approved vendor's list, as opposed to having an improper motive. Thus, the Court will dismiss Plaintiff's First Amendment claim without prejudice.

### d.    Defendant Thornell

Plaintiff's claim against Defendant Thornell in Count One is premised entirely on respondeat superior liability. Plaintiff has not alleged Defendant Thornell personally participated in a deprivation of Plaintiff's constitutional rights, was aware of a deprivation and failed to act, or formed policies that resulted in Plaintiff's injuries. Thus, the Court will

dismiss without prejudice Plaintiff's claim in Count One against Defendant Thornell.

### 2. Count One - Official Capacity Claims

A claim against an individual in his or her official capacity is "only another way of pleading an action against an entity of which an officer is an agent." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978). "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (internal citation omitted).

Plaintiff cannot maintain a lawsuit for damages against ADCRR employees in their official capacities. *See Hafer v. Melo*, 502 U.S. 21, 27 (1991) ("State officers sued for damages in their official capacity are not 'persons' for purposes of the suit because they assume the identity of the government that employs them."); *see also Gilbreath v. Cutter Biological, Inc.*, 931 F.2d 1320, 1327 (9th Cir. 1991) ("[A] state is not a 'person' for purposes of section 1983. Likewise[,] 'arms of the State' such as the Arizona Department of Corrections are not 'persons' under section 1983.") (citation omitted).

Plaintiff may maintain a lawsuit against ADCRR employees in their official capacity for *prospective* declaratory and injunctive relief because the Eleventh Amendment "does not . . . bar actions for prospective declaratory or injunctive relief against state officers in their official capacities for their alleged violations of federal law." *Coal. to Defend Affirmative Action v. Brown*, 674 F.3d 1128, 1134 (9th Cir. 2012). But not all declaratory and injunctive relief is prospective. The exception is intended to prevent continuing violations of federal law and "does not permit judgments against state officers declaring that they violated federal law in the past." *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993); *see also Hindes v. FDIC*, 137 F.3d 148, 166 (3d Cir. 1998) ("The type of prospective relief permitted . . . is relief intended to prevent a continuing violation of federal law.").

"[I]n an official-capacity suit the entity's 'policy or custom' must have played a part in the violation of federal law." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *see also*

*Los Angeles County v. Humphries*, 562 U.S. 29, 39 (2010) (the "'policy or custom' requirement [in *Monell*] applies in § 1983 cases irrespective of whether the relief sought is monetary or prospective."). A plaintiff must allege, as a matter of law, that the policy or custom caused him to suffer constitutional injury. *Sadoski v. Mosley*, 435 F.3d 1076, 1080 (9th Cir. 2006). Liberally construed, Plaintiff has stated a policy or custom claim against Defendant Tuccino regarding ASPC-Tucson's custom of not following ADCRR's policy regarding prison mail. (*See* Doc. 16-1 ¶ 5.1.) Thus, the Court will require Defendant Tuccino to answer Count One in his official capacity only.

Accordingly,

**IT IS ORDERED:**

(1)    Plaintiff's Motion for Leave to File an Amended Complaint (Doc. 16) is **granted.**

(2)    Plaintiff's individual capacity Fourth Amendment and Due Process claims in Count One are **dismissed with prejudice**. Plaintiff's individual capacity access-to-the-courts and First Amendment claims in Count One are **dismissed without prejudice**.

(3)    Defendant Mendoza is **dismissed** without prejudice.

(4)    Plaintiff's claims against Defendants Thornell, Martinez, and Tuccino in their individual capacities in Counts Two and Three are **dismissed** without prejudice.

(5)    Defendant Tuccino must answer Count One in his official capacity only; Defendant Martinez must answer Count Two in his official capacity only; and Defendant Thornell must answer Count Three in his official capacity only.

(6)    The Clerk of Court must send Plaintiff this Order, and a copy of the Marshal's Process Receipt & Return form (USM-285) and Notice of Lawsuit & Request for Waiver of Service of Summons form for **Defendant Tuccino**.

(7)    Plaintiff's Request (Notice of Errata) to Correct Addresses on Summons and Process Receipt (Doc. 17) with respect to Defendant Martinez is **denied as moot**. Defendant Martinez was served on April 9, 2026. (*See* Doc. 19.)

(8)    Plaintiff must complete[6] and return the service packets to the Clerk of Court within 21 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(9)    If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on a Defendant within 90 days of the filing of the First Amended Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(ii).

(10)    The United States Marshal must retain the Summons, a copy of the Complaint, and a copy of this Order for future use.

(11)    The United States Marshal must notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendants must include a copy of this Order.

(12)    A Defendant who agrees to waive service of the Summons and Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff, within 30 days of the date of the notice and request for waiver of service pursuant to Federal Rule of Civil Procedure 4(d)(1)(F) to avoid being charged the cost of personal service.

(13)    The Marshal must immediately file signed waivers of service of the summons. If a waiver of service of summons is returned as undeliverable or is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

a)    personally serve copies of the Summons, Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

b)    within 10 days after personal service is effected, file the return of

---

[6]  If a Defendant is an ADCRR officer or employee, Plaintiff must list the address of the specific institution where the officer or employee works. Service cannot be effected on an officer or employee at the ADCRR's Central Office unless the officer or employee works there.

service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(14)    Defendants Thornell, Tuccino, and Martinez must answer the relevant portions of the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(15)    Any answer or response must state the specific Defendant by name on whose behalf it is filed. The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

Dated this 13th day of April, 2026.

_____
Jennifer G. Zipps
Chief United States District Judge

- 11 -