Brian Bergin, #016375
Kevin Kasarjian, #020523
**Bergin, Frakes, Smalley & Oberholtzer, PLLC**
4343 East Camelback Road, Suite 210
Phoenix, Arizona 85018
Telephone: (602) 888-7855
Facsimile: (602) 888-7856
bbergin@bfsolaw.com
kkasarjian@bfsolaw.com
*Attorneys for Defendants*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| Andre Michael Leteve, | Case No.: CV-25-00622-TUC-JGZ |
|---|---|
| Plaintiff, | **DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT TO COUNTS TWO AND THREE** |
| vs. | |
| Ryan Thornell, et al., | |
| Defendants. | |

Defendants Ryan Thornell, Jorge Martinez, and Mario Tuccino (collectively, "Defendants"), by and through undersigned counsel, respectfully oppose Plaintiff Andre M. Leteve's Motion for Leave to File Second Amended Complaint to Counts Two and Three (the "Motion") [Doc. 31]. For the reasons set forth below, the Motion should be denied.

### I. INTRODUCTION

Plaintiff, a self-represented inmate, seeks leave to file a third iteration of his civil rights complaint. Although Plaintiff has not provided this Court and the Defendants with a meaningful method of comparison, it appears that Plaintiff wants to amend, this time, principally to insert legal argument and case citations into the "Supporting Facts" sections of his Counts II and III. In doing so, Plaintiff's motion and proposed amended pleading disregard mandatory requirements of the Local Rules, fail to identify with any particularity

what has changed from the operative First Amended Complaint ("FAC") [Doc. 30], affirmatively incorporate prior pleading paragraphs by reference in violation of Local Rule 15.1, and add pages of argumentative legal analysis that have no place in a "short and plain statement" under Rule 8. The proposed amendment, filed after Defendants have answered, comes after undue delay. The Motion should be denied.

## II. BACKGROUND

Plaintiff initiated this case on November 6, 2025 by filing his Complaint [Doc. 1]. On February 10, 2026, Plaintiff sought leave to file a First Amended Complaint [Doc. 16]. On April 14, 2026, with leave of this Court and after Screening, Plaintiff filed his operative First Amended Complaint ("FAC") [Doc. 30], asserting three counts: (I) a due process/access-to-courts claim concerning legal materials allegedly withheld by Defendant Sergeant Tuccino; (II) a First Amendment mail-delay claim concerning delivery of the Wall Street Journal; and (III) an Eighth Amendment claim concerning allegedly inoperable fire-suppression systems at ASPC-Tucson.

On June 3, 2026, Defendants filed their Answer to the FAC.

On June 30, 2026, more than two and a half months after filing his FAC, Plaintiff filed the instant Motion requesting leave to file a Second Amended Complaint [Doc. 31], together with a lodged proposed Second Amended Complaint ("SAC") [Doc. 32]. The Motion states, in its entirety, that Plaintiff seeks leave "with good cause to incorporate controlling case laws (sic) for the court," and represents that "Count One is unchanged." [Doc. 31] at 1.

A comparison of the FAC and the proposed SAC confirms that Count I is reproduced verbatim. Counts II and III, however, have been substantially rewritten to add multi-factor legal analysis (including a four-part *Turner v. Safley* discussion), new paragraphs (including a new "Emotional Distress Under the Eighth Amendment" theory at paragraphs 48.1–48.3), and an express statement that certain prior paragraphs are "incorporated within the foregoing" rather than restated.

2

### III. ARGUMENT

Rule 15(a)(2) provides that leave to amend should be freely given "when justice so requires," but that standard is not automatic. *Foman v. Davis*, 371 U.S. 178, 182 (1962). A court may, and should, deny leave where there has been undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed undue prejudice to the opposing party, or futility of amendment. *Id.*; *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

Separately, this District's Local Rules impose independent, mandatory procedural requirements on any party seeking leave to amend. LRCiv 15.1 provides that a party requesting leave to amend "must attach a copy of the proposed amended pleading as an exhibit to the motion," and that the proposed pleading "must indicate in what respect it differs from the pleading which it amends, by bracketing or striking through the text to be deleted and underlining the text to be added." LRCiv 15.1(a). The rule further provides that "[t]he proposed amended pleading is not to incorporate by reference any part of the preceding pleading, including exhibits." *Id.* Noncompliance with LRCiv 15.1 is itself grounds to deny or strike a motion for leave to amend.

**A.    *The Motion Should Be Denied for Failure to Comply with Local Rule 15.1's Mandatory Redlining Requirement.***

Plaintiff's proposed SAC [Doc. 32] contains no bracketing, strikethrough, or underlining of any kind indicating what has been deleted or added relative to the FAC. Count I is reproduced as a clean, unmarked copy. Counts II and III have been entirely rewritten in new, freehand, narrative form with no markup showing which portions are new material and which portions carry over from the FAC. This is precisely the burden LRCiv 15.1 is designed to eliminate. Rather than being able to efficiently identify what Plaintiff proposes to change through amendment, Defendants and the Court are left to conduct a manual, paragraph-by-paragraph comparison between a twenty-page document and a twenty-two-page document to ascertain the differences.

This is not a mere technicality. LRCiv 15.1 exists so that the Court and opposing parties can swiftly evaluate a proposed amendment and so that the scope of any leave granted is clear and enforceable. Plaintiff's failure to comply with this rule has deprived Defendants of a fair opportunity to respond to a clearly defined proposed amendment and deprived the Court of the very tool the Local Rules provide for evaluating such motions. The Motion should be denied on this basis alone.

**B.      The Proposed SAC Independently Violates LRCiv 15.1 by Incorporating Prior Pleading Paragraphs by Reference.**

LRCiv 15.1 further provides that "[t]he proposed amended pleading is not to incorporate by reference any part of the preceding pleading, including exhibits." Plaintiff's proposed SAC violates this provision on its face. At the conclusion of Count II, immediately above his signature, Plaintiff states: "Paragraphs 35, 36, 37 have been incorporated within the foregoing." [Doc. 32] at 15. This appears to be an express incorporation by reference of paragraphs from the FAC and is an exhibition of exactly what the rule forbids.

This defect is more than a mere technicality. An amended complaint supersedes the pleading it replaces and must be complete in itself. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) (an amended pleading supersedes the original).  Neither the Court, nor the parties, should need to consult a superseded pleading to determine what is being alleged in the operative one.  Furthermore, Plaintiff's reference to a superseded pleading creates potential ambiguities in the Defendants' effort to clearly answer the amended pleading. Because Plaintiff's proposed SAC does not stand alone, it does not satisfy the basic requirements for an amended pleading, independent of the *Foman* factors discussed below.

**C.      Plaintiff Unduly Delayed Seeking Amendment, and the Only Justification Offered, to Add Case Citations, Does Not Support Further Amendment.**

Plaintiff filed his operative FAC on April 14, 2026. He did not seek leave to amend again until June 30, 2026,  over two and a half months later, and after Defendants had

answered, for the stated purpose of incorporating "controlling case laws (sic) for the court." [Doc. 31] at 1. Legal citations and legal argument, however, are not newly discovered facts. They were available to Plaintiff, through the prison library or otherwise, well before he filed the FAC (which itself was already an amended pleading). Plaintiff offers no explanation for why the case law he now wishes to cite could not have been included in the FAC, nor any explanation for the two-and-a-half-month gap between the FAC and his Motion.

The proposed SAC is now the third iteration of Plaintiff's core factual allegations regarding Counts II and III (original complaint, FAC, and now the proposed SAC), each addressing the same underlying conduct. A pattern of repeated amendment aimed not at curing factual deficiencies but at bolstering legal argument after the fact is precisely the sort of undue delay that weighs against granting further leave. *See Foman*, 371 U.S. at 182; *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990) (undue delay can justify denial where the moving party knew or should have known the facts and theories raised earlier).

**D.      *The Proposed Amendment Is Futile Because It Replaces Factual Allegations with Improper Legal Argument.***

This Court's own complaint form instructs pro se plaintiffs to "[s]tate the facts clearly in your own words without citing legal authority or arguments." [Doc. 32] at 3, 9, 16.  The proposed SAC's rewritten Count II disregards this instruction wholesale. Rather than a short and plain statement of facts, the proposed Count II includes a multi-page analysis of the four *Turner v. Safley* factors under separate subheadings ("1) Rational Connection," "2) Alternative Means," "3) Impact on Prison Resources," "4) Exaggerated Response"), followed by legal conclusions such as "Defendants Actions therefore Violate the First Amendment under Turner." [Doc. 32] at 14–15. The rewritten Count III similarly incorporates legal argument, including a passage purporting to characterize a prior filing in this case ("As this Court has stated in Document #8 under Count Three, page 14,

Deliberate indifference is a higher standard...") and citations to *Farmer v. Brennan* and other authority. [Doc. 32] at 21.

This is not a "short and plain statement of the claim" as required by Fed. R. Civ. P. 8(a)(2). It is merits briefing improperly embedded in a pleading. Legal argument of this kind belongs in a dispositive motion (or a response thereto), not in the body of a complaint. Because the proposed SAC does not cure any deficiency in the FAC's factual allegations but, instead, substitutes argument for facts, granting leave to file it would serve no proper pleading purpose.

### V. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's Motion for Leave to File Second Amended Complaint [Doc. 31]. To the extent the Court is inclined to permit further amendment, Defendants request that any such leave be conditioned on Plaintiff's submission of a properly redlined proposed pleading, prepared in compliance with LRCiv 15.1, that is complete in itself, confines its "Supporting Facts" sections to facts rather than legal argument as the form itself requires, and does not incorporate any part of the FAC by reference.

DATED this 14th day of July, 2026.

By: */s/ Brian Bergin*
Brian Bergin
Kevin Kasarjian
4343 East Camelback Road, Suite 210
Phoenix, AZ 85018
*Attorneys for Defendants*

6

**CERTIFICATE OF SERVICE**

I hereby certify that on July 14, 2026, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF system for filing, which will provide a Notice of Electronic Filing to all CM/ECF registrants.

I further certify that, on this same date, the foregoing document and a Notice of Electronic Filing were served by mail to the following, who is not a registered participant of the CM/ECF system:

Arizona Department of Correction,
Rehabilitation & Reentry
Andre M. Leteve, #277278
ASPC/Tucson/Rincon D/Row
801 E Jefferson St
Phoenix, AZ 85034

By: */s/ Shelly Hilton*