**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Andre Michael Leteve, | No. CV-25-00622-TUC-JGZ |
| Plaintiff, | **ORDER** |
| v. | |
| Ryan Thornell, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff's Motion for Leave to File Second Amended Complaint to Counts Two and Three. (Doc. 31.) Defendant filed a Response to Plaintiff's Motion. (Doc. 36.) For the following reasons, the Court will deny Plaintiff's Motion.

## I.      Background

Plaintiff Andre Michael Leteve, a self-represented inmate, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 on November 6, 2025, stating three causes of action: (1) a claim regarding his due process rights and access to the courts (Count One); (2) a First Amendment violation (Count Two); and (3) an Eighth Amendment violation (Count Three). (Doc. 1.) In its initial screening order, the Court dismissed Count One without prejudice and required Defendants Martinez and Thornell, in their official capacities, to answer Counts Two and Three, respectively. (*See* Doc. 8.) Although leave of court was not required, Plaintiff filed a Motion for Leave to File an Amended Complaint and a proposed First Amended Complaint ("FAC")[1] on February 10, 2026. (Docs. 16, 16-

---

[1]   Plaintiff's FAC included changes to Count One but left Counts Two and Three unchanged from his original Complaint.

1; *see also* Doc. 20 at 1 n.1.) On April 14, 2026, the Court screened Plaintiff's FAC (Doc. 30), referencing the initial screening order's holding regarding Counts Two and Three and ordering that Defendant Sergeant Mario Tuccino answer Count One in his official capacity. (*See* Doc. 20.) Defendants answered the FAC on June 3, 2026. (Doc. 27.) On June 30, 2026, Plaintiff filed the pending Motion for Leave to File a Second Amended Complaint to Counts Two and Three, along with a proposed Second Amended Complaint ("SAC"). (Docs. 31, 32.) Plaintiff's only stated reasons for requesting leave to amend are to incorporate additional case law and exhibits. (Doc. 31 at 1.) Defendants oppose Plaintiff's Motion for Leave. (Doc. 36.)

## II.     Discussion

After a party has amended its pleading once as a matter of course under Rule 15(a)(1), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). However, a court may deny leave for cause, such as undue delay, bad faith, dilatory motive of the movant, repeated failure to cure deficiencies by previously allowed amendments, undue prejudice to the opposing party, or futility of amendment. *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

Additionally, this District's Local Rules require that a party moving for leave to amend a pleading "attach a copy of the proposed amended pleading as an exhibit to the motion" and indicate, "by bracketing or striking through the text to be deleted and underlining the text to be added," the differences between the proposed amended pleading and the pleading it amends. LRCiv 15.1(a). Local Rule 15.1 also prohibits "incorporat[ing] by reference any part of the preceding pleading." *Id.* A district court's local rules have "the force of law." *Hollingsworth v. Perry*, 558 U.S. 183, 191 (2010) (quoting *Weil v. Neary*, 278 U.S. 160, 169 (1929)). The Court may deny a motion for leave to amend for noncompliance with LRCiv 15.1. *See Young v. Nooth*, 539 F. App'x 710, 711 (9th Cir. 2013) (holding that the denial of a pro se plaintiff's motion for leave to amend was not an abuse of discretion when plaintiff did not comply with local rule).

The Court will deny Plaintiff's Motion because the proposed SAC adds legal

argument which does not belong in a complaint, was unduly delayed, and does not comply with LRCiv 15.1 because it incorporates paragraphs by reference and fails to include brackets, strikethroughs, or underlines to indicate changes. First, legal argument is not required in a pleading, so the addition of legal analysis, such as the added *Turner v. Safley* analysis, (Doc. 32 ¶ 29), and description of deliberate indifference with citation to *Farmer v. Brennan* (Doc. 32 ¶ 48.2), serves no pleading purpose. *See* Fed. R. Civ. P. 8(a) ("A pleading that states a claim for relief must contain . . . a short and plain statement of the claim."). Plaintiff does not seek to add additional claims or new legal theories, but instead seeks to support the claims in the FAC with legal argument.

Second, although Plaintiff requested leave within the time frame provided by the scheduling order, "[i]n assessing timeliness, [the Court] do[es] not merely ask whether a motion was filed within the period of time allotted . . . in a Rule 16 scheduling order. Rather, in evaluating undue delay, [the Court] also inquire[s] 'whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading.'" *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 953 (9th Cir. 2006) (citing *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1388 (9th Cir. 1990)); *see* Doc. 29 at 1. Here, the case law Plaintiff seeks to incorporate was available to him upon filing his original complaint and FAC, and the SAC does not allege any new facts.[2]

Third, Plaintiff incorporates by reference Paragraphs 35, 36, and 37 of Count Two. (Doc. 32 at 15.) Such incorporation would make it difficult for Defendants and the Court to consider the amended complaint moving forward, especially because "an amended pleading supersedes the original pleading." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th

---

[2] Plaintiff also seeks to include Exhibits 28 and 29 in his SAC, but it is unclear what exhibits Plaintiff is referring to, as no exhibits were submitted with the Motion. (*See* Docs. 31, 32.) Additionally, "exhibits are unnecessary, and indeed undesirable, at this stage in the proceeding." *Green v. Gilbert*, No. 17CV05898, 2018 WL 1792203, at *2 (W.D. Wash. Apr. 16, 2018) (denying motion to file exhibits with amended complaint after defendants had filed answer); *Campos v. County of Maui*, No. CIV.07-00253, 2008 WL 281520, at *2 (D. Haw. Jan. 30, 2008) ("A complaint is not the vehicle for introducing exhibits that support a party's claims . . . Exhibits are meant to be used in support of a properly filed motion or as evidence at trial."); *cf.* Doc. 29 at 1–3 ("Disclosures must be in the form prescribed by Federal Rule of Civil Procedure 26, and must not be filed with the Court, but exchanged among the parties only.").

Cir. 1992).

Fourth, Plaintiff's proposed SAC does not include bracketing, strikethroughs, or underlining. (*See* Doc. 32.) Plaintiff made no indication of what he changed in Count Two. (*See id.* at 10–17.) Plaintiff indicated that Count Three was amended with the additions of Paragraphs 48.1, 48.2, and 48.3, (*id.* at 17), but Plaintiff made other changes in that section that he did not annotate, (*see* Doc. 30 ¶ 43; Doc. 32 ¶ 43). This lack of annotation puts a strain on Defendants and the Court that LRCiv 15.1(a) is meant to eliminate, as a time-intensive paragraph-by-paragraph comparison between the twenty-page FAC and the twenty-two-page proposed SAC would now be needed to evaluate the proposed amendments.

Accordingly,

**IT IS ORDERED:**

1.    Plaintiff's Motion for Leave to File Second Amended Complaint to Counts Two and Three (Doc. 31) is **denied with prejudice**.[3] The FAC (Doc. 30) remains the operative complaint in this case.

Dated this 5th day of August, 2026.

_____
Jennifer G. Zipps
Chief United States District Judge

---

[3] The deadline to amend has now passed, and Plaintiff's pending Motion for Leave to File Second Amended Complaint and Proposed SAC do not provide reason to extend the deadline. (*See* Doc. 29 at 1.)

- 4 -