☒ FILED ☐ LODGED
Aug 18 2026
CLERK U.S. DISTRICT COURT
DISTRICT OF ARIZONA

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| André Michael Letevé,<br><br>Plaintiff,<br><br>v.<br><br>Ryan Thornell, et al.,<br><br>Defendants. | Case No. CV-25-00622-TUC-JGZ<br><br>PLAINTIFF'S MOTION FOR CLARIFICATION AND LEAVE TO OBTAIN SWORN NON-PARTY TESTIMONY FROM SGT. HORTON BY WRITTEN QUESTIONS, OR ALTERNATIVELY BY TELEPHONIC DEPOSITION |

Plaintiff André Michael Letevé, proceeding pro se and incarcerated within ADCRR, respectfully moves under Federal Rules of Civil Procedure 26, 28, 30, 31, and 45, and the Court's Scheduling, Disclosure, and Discovery Order (Doc. 29), for clarification and authorization to obtain narrowly limited sworn testimony from non-party Sgt. Horton concerning the operation of ADCRR's Central Office Mail Center and the handling and transfer of Plaintiff's Wall Street Journal newspapers and other publications.

## I. BACKGROUND

Count II alleges a recurring pattern of delayed, missing, or misrouted Wall Street Journal newspapers after Plaintiff arrived at ASPC-Tucson. Determining where delays occurred requires evidence concerning the workflow between initial ADCRR receipt, Central Office processing, scheduled pickup or transfer, receipt by ASPC-Tucson, and delivery to Plaintiff.

Sgt. Horton is believed to possess operational knowledge of the Central Office Mail Center, including receipt, sorting, screening, logging, routing, transfer schedules, record creation, communications with ASPC-Tucson, and implementation of Department Order 914 in daily practice.

Interrogatories and requests for admission cannot be served on Sgt. Horton because he is not a party. Documents may show dates and entries but may not explain the workflow, the meaning of records, who performs each step, when the seventy-two-hour period begins, how non-pickup days are handled, or which office bears responsibility at each stage.

## II. DOCUMENT 29 AND THE REQUEST FOR CLARIFICATION

Document 29 states that if an incarcerated Plaintiff wishes to take depositions, they must be taken telephonically, and a motion must show: (1) why the information cannot be obtained by written questioning; (2) the proposed deponent; (3) the name and address of the court reporter or another permissible recording method; (4) estimated cost; and (5) the source of payment. Doc. 29 at 6.

Plaintiff initially seeks the less burdensome mechanism of a deposition upon written questions under Rule 31 because the witness is a non-party and ordinary interrogatories are unavailable.

Plaintiff therefore requests clarification whether the Court's direction that depositions be telephonic forecloses Rule 31. If the Court concludes that Rule 31 is unavailable under Document 29, Plaintiff alternatively requests leave to conduct a narrowly limited telephonic oral deposition after the required officer, recording, cost, and payment information is supplied.

## III. PROPOSED WRITTEN-QUESTION PROCEDURE

If Rule 31 is permitted, Plaintiff will serve on every party the notice and direct questions attached as Exhibit A. The notice will identify Sgt. Horton and the officer before whom the deposition will be taken. The parties will retain the periods provided by Rule 31 for cross-questions, redirect questions, and recross-questions. A proposed official AO 88A form is submitted with the officer, date, time, place, and recording method left blank pending identification of a qualified Rule 28 officer.

Plaintiff understands that the deposition cannot proceed unless a qualified officer and lawful source of payment are identified. Because those facts are not presently known, Plaintiff requests either: (a) permission to supplement the officer, cost, and payment information within fourteen days after the Court determines that Rule 31 is permissible; or (b) an order directing the parties to confer concerning an available notary public, court reporter, or other qualified officer. Plaintiff acknowledges that the Court is not required to advance deposition expenses.

## IV. LIMITED SUBJECT MATTER AND PROPORTIONALITY

The proposed questions are limited to Sgt. Horton's position and duties; Central Office receipt and processing of newspapers and periodicals; logging, tracking, screening, routing, pickup, and transfer procedures; allocation of responsibility between Central Office and ASPC-Tucson; records created and retained; communications concerning Plaintiff's Wall Street Journal deliveries; and explanation of records relevant to delays from November 1, 2024 through July 31, 2026. The questions do not seek privileged communications, unrelated personnel discipline, unnecessary confidential security details, or fire-safety information concerning Count III.

## V. REQUEST FOR RELIEF

Plaintiff respectfully requests that the Court: (1) clarify whether a deposition upon written questions under Rule 31 is permissible notwithstanding Document 29's telephonic-deposition provision; (2) if permitted, authorize Plaintiff to proceed under Rules 28, 31, and 45 after supplementing the Rule 28 officer, cost, and payment information; (3) alternatively, authorize a limited telephonic deposition after Plaintiff supplies the information required by Document 29; and (4) grant such other relief as the Court deems just and appropriate.

Respectfully submitted this 18 day of August, 2026.

[signature]

André Michael Letevé, Plaintiff Pro Se
ADCRR No. 272278

ASPC-Tucson / Rincon Unit /C61
~~P.O. Box 24401~~
~~Tucson, Arizona 85734-4401~~

801 E. JEFFERSON ST.
PHOENIX ARIZONA 85034

**CERTIFICATE OF SERVICE**

I certify that on the 18 day of August, 2026, I placed a true and correct copy of the foregoing motion and Exhibit A in the institutional mail, postage prepaid, addressed to counsel of record for Defendants at the address shown on the Court docket.

________________________

André Michael Letevé