FILED LODGED
Aug 18 2026
CLERK U.S. DISTRICT COURT
DISTRICT OF ARIZONA

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

ANDRÉ M. LETEVÉ,

Plaintiff,

v.

RYAN THORNELL, et al.,

Defendants.

Case No. CV-25-00622-TUC-JGZ

**PLAINTIFF'S INITIAL DISCLOSURES PURSUANT TO THE COURT'S SCHEDULING, DISCLOSURE, AND DISCOVERY ORDER (DOC. 29)**

Plaintiff André M. Letevé, appearing pro se, provides the following Initial Disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) and the Court's Scheduling, Disclosure, and Discovery Order (Doc. 29).

These disclosures are based upon information presently known and reasonably available to Plaintiff. Plaintiff will supplement or correct these disclosures as required by Federal Rule of Civil Procedure 26(e) and applicable orders of this Court.

## I. INDIVIDUALS LIKELY TO HAVE DISCOVERABLE INFORMATION

### 1. André M. Letevé — Plaintiff

ASPC Tucson / Rincon C61 / 11-C-11
801 E. Jefferson
Phoenix, AZ 85034

Plaintiff has personal knowledge concerning the events underlying Counts I, II, and III, including the LexisNexis/Federal Habeas Update shipment; delayed and missing newspaper deliveries; Plaintiff's grievances and complaints; fire and life-safety conditions at ASPC-Tucson, Rincon Unit; fire-watch procedures; and the injuries, losses, and relief alleged in this action.

### 2. Sgt. M. Toccino — ADCRR

Sgt. Toccino may possess discoverable information concerning Count I, including the receipt, handling, review, rejection, disposition, tracking, or loss of Plaintiff's LexisNexis shipment; applicable mail and publication procedures; Department Order 914; and records generated concerning the shipment.

### 3. Warden J. Martinez — ADCRR

Warden Martinez may possess discoverable information concerning Count II, including ASPC-Tucson mail procedures; newspaper delivery; Plaintiff's grievances and complaints concerning delayed newspaper delivery; institutional responses to those complaints; and implementation or enforcement of applicable ADCRR mail policies.

### 4. Director Ryan Thornell — ADCRR

Director Thornell may possess discoverable information concerning Count III, including ADCRR fire and life-safety policies; Department Order 404; institutional fire-alarm and fire-protection systems; inspection, testing, maintenance, repair, and replacement requirements; projects or funding

concerning fire-protection systems at ASPC-Tucson; and ADCRR's response to known fire and life-safety deficiencies.

**5. Deputy Warden Danny Mendoza — ADCRR**

Deputy Warden Mendoza may possess discoverable information concerning Count III, including fire and life-safety conditions at ASPC-Tucson; the condition of fire-alarm, smoke-detection, and fire-suppression systems; fire-watch procedures; information communicated to him concerning fire-safety requirements; and his knowledge of and response to alleged fire and life-safety deficiencies.

Mendoza may also possess information concerning communications with Patrick Bearup regarding the settlement in Bearup v. Shinn, et al., including Bearup's alleged provision of settlement information to Mendoza and their May 5, 2025 Town Hall conversation concerning fire-alarm and life-safety requirements.

**6. Patrick Bearup — Fact Witness**

ASPC-Tucson
~~[Housing location/address if known]~~ ASPC TUCSON / RINCON C6l

Patrick Bearup may possess discoverable information concerning Count III, including his prior litigation concerning fire and life-safety conditions; relevant terms of the settlement in Bearup v. Shinn, et al., U.S. District Court No. 2:19-cv-05828-SPL; his alleged provision of settlement information to Deputy Warden Danny Mendoza; his May 5, 2025 conversation with Mendoza concerning fire-alarm and life-safety requirements; Mendoza's alleged acknowledgment of awareness of those settlement terms; and Bearup's observations concerning working smoke detectors in his housing unit.

Plaintiff identifies Patrick Bearup as a fact witness and not as an expert witness.

**7. Amy Neal — ADCRR Fire and Life Safety Administrator**

Amy Neal may possess discoverable information concerning Count III, including inspection, testing, maintenance, impairment, repair, replacement, and operation of smoke-detection, automatic fire-alarm, and fire-suppression systems at ASPC-Tucson, including Rincon Unit Buildings 10 and 11; fire-watch procedures; work orders; procurement; projects; and related fire/life-safety records.

**8. Captain Covarrubis — ADCRR**

Captain Covarrubis may possess discoverable information concerning Count III, including fire and life-safety conditions at ASPC-Tucson and information communicated during the May 5, 2025 Town Hall concerning the operational status of automatic fire-protection systems and the use of fire-watch procedures.

**9. Sgt. Horton — ADCRR**

Sgt. Horton may possess discoverable information concerning Count II, including Central Office and institutional mail-processing procedures; receipt, screening, routing, transfer, and delivery of newspapers; communications concerning Plaintiff's Wall Street Journal deliveries; and the causes of delays in newspaper delivery.

**10. Officer Olmes — ADCRR**

Officer Olmes may possess discoverable information concerning Count II, including newspaper receipt and delivery, the August 26, 2025 Incident Report, and communications concerning Plaintiff's delayed Wall Street Journal deliveries.

Plaintiff will timely supplement these disclosures if additional individuals with discoverable information that Plaintiff may use to support his claims are identified.

## II. DOCUMENTS AND TANGIBLE THINGS

Plaintiff identifies the following categories of documents and tangible things presently within his possession, custody, or control that he may use to support his claims.

### Count I — LexisNexis/Federal Habeas Update Shipment

1. UPS and other shipping/tracking documentation concerning the LexisNexis/Federal Habeas Update shipment.
2. Documentation reflecting receipt or signature for the shipment at ASPC-Tucson.
3. Plaintiff's grievances, appeals, correspondence, and institutional records concerning the missing shipment.
4. Applicable provisions of ADCRR Department Order 914 and related mail/publication procedures.
5. Notices, forms, or records presently possessed by Plaintiff concerning publication review, rejection, contraband determination, disposal, or appeal rights.
6. Relevant pleadings and exhibits previously filed in this action.

### Count II — Newspaper Delivery

7. Plaintiff's records showing newspaper publication dates and actual delivery dates, including Wall Street Journal delivery records.
8. Plaintiff's grievances, grievance appeals, complaints, and correspondence concerning delayed or missing newspapers.
9. Institutional responses to those grievances and complaints.
10. The August 26, 2025 Incident Report concerning delayed newspaper delivery, to the extent presently possessed by Plaintiff.
11. Relevant communications involving Officer Olmes, Sgt. Horton, or other ADCRR personnel concerning newspaper delivery, to the extent presently possessed by Plaintiff.
12. Applicable ADCRR mail policies, including relevant versions of Department Order 914 and other policies governing incoming newspapers and publications.
13. Relevant pleadings and exhibits previously filed in this action.

### Count III — Fire and Life Safety

14. Plaintiff's grievances, appeals, correspondence, and institutional responses concerning fire and life-safety conditions.
15. Plaintiff's records concerning the May 5, 2025 Town Hall and statements concerning automatic fire-protection systems and fire-watch procedures.
16. Applicable ADCRR Department Order 404 concerning Fire and Life Safety.
17. Records presently possessed by Plaintiff concerning smoke-detection, automatic fire-alarm, and fire-suppression conditions at ASPC-Tucson.
18. Records presently possessed by Plaintiff concerning funding, repair, replacement, or upgrading of fire-protection systems.
19. The March 6, 2026 Declaration of Patrick Bearup, concerning his prior settlement, communications with Deputy Warden Mendoza, fire-alarm and smoke-detector requirements, and conditions in his housing unit.
20. Relevant portions of Defendants' Answer concerning fire-alarm and sprinkler-system conditions or projects at ASPC-Tucson.
21. Relevant pleadings, declarations, and exhibits previously filed in this action.

Plaintiff understands that additional records concerning these matters may presently be within the possession, custody, or control of Defendants or nonparties and are being sought through discovery. Plaintiff will supplement these disclosures as required when additional materials are obtained and Plaintiff determines that he may use them to support his claims.

## III. COMPUTATION OF DAMAGES

Plaintiff seeks the damages and other relief permitted by the operative complaint and applicable law.

### Count I

Plaintiff seeks compensation for the value of the LexisNexis/Federal Habeas Update shipment allegedly lost, destroyed, or not delivered, together with other compensatory relief recoverable on the surviving claim.

Value of shipment: $ 281.00

### Count II

Plaintiff seeks compensation for economic losses associated with newspaper subscription issues that were allegedly substantially delayed, missing, or rendered substantially less useful because of delayed delivery.

Presently claimed subscription-related amount: $840.00, subject to supplementation or correction based upon supporting records.

### Count III

Plaintiff seeks relief permitted by law for the alleged unconstitutional fire and life-safety conditions and Defendants' alleged response to those conditions.

Plaintiff also seeks applicable declaratory and/or injunctive relief as alleged in the operative complaint.

Plaintiff will supplement these computations if additional information obtained through discovery permits or requires a more precise computation.

## IV. INSURANCE AGREEMENTS

Plaintiff is not aware of any insurance agreement within Plaintiff's possession, custody, or control under which an insurance business may be liable to satisfy all or part of a possible judgment in this action.

## V. CONTINUING DUTY TO SUPPLEMENT

Plaintiff understands that these Initial Disclosures are based upon information reasonably available to him at the time they are made.

Plaintiff will timely supplement or correct these disclosures as required by Federal Rule of Civil Procedure 26(e) if he learns that any disclosure is materially incomplete or incorrect and the additional or corrective information has not otherwise been made known to Defendants during discovery or in writing.

Respectfully submitted this 18 day of August, 2026.

**André M. Leteve**
Plaintiff, Pro Se
#277278
ASPC Tucson / Rincon C61 / 11-C-11
801 E. Jefferson
Phoenix, AZ 85034

## CERTIFICATE OF SERVICE

I hereby certify that on the 18 day of August, 2026, I caused a true and correct copy of Plaintiff's Initial Disclosures Pursuant to the Court's Scheduling, Disclosure, and Discovery Order (Doc. 29) to be served by United States Mail upon counsel for Defendants:

**Bryan Bergin, Esq.**
Bergin, Frakes, Smalley & Oberholtzer, PLLC
4343 E. Camelback Road, Suite 210
Phoenix, Arizona 85018

**André M. Letevé**
#277278
ASPC Tucson / Rincon C61 / 11-C-11
801 E. Jefferson
Phoenix, AZ 85034