Brian Bergin, #016375
Kevin Kasarjian, #020523
**Bergin, Frakes, Smalley & Oberholtzer, PLLC**
4343 East Camelback Road, Suite 210
Phoenix, Arizona 85018
Telephone: (602) 888-7855
Facsimile: (602) 888-7856
bbergin@bfsolaw.com
kkasarjian@bfsolaw.com
*Attorneys for Defendants*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Andre Michael Leteve,<br><br>Plaintiff,<br><br>vs.<br><br>Ryan Thornell, et al.,<br><br>Defendants. | Case No.: CV-25-00622-TUC-JGZ<br><br>**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR ISSUANCE OF RULE 45 SUBPOENA DUCES TECUM TO NON-PARTY AMY NEAL** |

Defendants Ryan Thornell, J. Martinez, and M. Tuccino ("Defendants"), by and through undersigned counsel, respectfully submit this Response in Opposition to Plaintiff's Motion for Issuance of Rule 45 Subpoena Duces Tecum to Non-Party Amy Neal [Doc. 42](the "Motion"). For the reasons set forth below, the Court should deny the Motion..

## I. INTRODUCTION

Plaintiff asks the Court to authorize a Rule 45 subpoena duces tecum to, non-party, Amy Neal, ADCRR's Fire and Life Safety Administrator, seeking 10 categories of fire-safety inspection, maintenance, testing, procurement, budget, and correspondence records concerning Rincon Buildings 10 and 11 for the period January 1, 2023 through the date of production. [Doc. 42] at 1–2; [Doc. 42-2] (Attachment A). The motion should be denied for three independent reasons.

First, Ms. Neal is not a stranger to this litigation. She is the ADCRR employee whose office Plaintiff already identified by name in Request for Production No. 4 of his First Set of Requests for Production directed to Defendants, through which sought the "detailed report of critical item fire equipment shortages to the Fire and Life Safety Administrator." Plaintiff's own discovery already has treated the Fire and Life Safety Administrator's records as records within Defendants'/ADCRR's possession, custody, and control obtainable through Rule 34, not Rule 45.

Second, the ten document categories in the proposed subpoena substantially duplicate Requests for Production Nos. 1 through 8, concerning his Count 3, which Plaintiff already served on Defendants under Rule 34 and to which Defendants already responded by producing what was proportional and specifically objecting, on institutional-security, deliberative-process-privilege, and overbreadth grounds, to what was not. An additional, cumulative, non-party subpoena to Ms. Neal is not a proper vehicle to relitigate those objections or to obtain, informally, what Defendants already declined to produce in response to Plaintiff's requests for production.

Third, Plaintiff has not shown, with the particularity required, why he should be permitted to use a non-party subpoena to pursue ADCRR records he already has sought from Director Thornell through written party discovery. To hold otherwise would allow Plaintiff to exceed this Court's June 5, 2026 Scheduling Order's specific limit of 15 requests for production. [Doc 29] at 5.

## II. RELEVANT BACKGROUND

### A. Count Three and the Screening Order

This Court's Screening Order [Doc. 20] allowed portions of Plaintiff's Count Three, his Eighth Amendment claim concerning the smoke-detection, automatic fire-alarm, and fire-suppression systems in ASPC-Tucson Rincon Unit Buildings 10 and 11, to proceed against Defendant Thornell in his official capacity only. Because Count Three proceeds only against Defendant Thornell in his official capacity, the relevant ADCRR records,

including those maintained by ADCRR's Fire and Life Safety Administrator, are records accessible to Defendant Thornell. Indeed, in his response to Plaintiff's requests for production, Defendant Thornell never suggested that the documents requested were beyond his possession, custody or control.

**B. The Scheduling Order's discovery limits and non-party subpoena procedure.**

This Court's Scheduling Order limits written discovery to any party to no more than 15 requests for production. [Doc. 29] at 5. It separately provides, in Section E, that an incarcerated plaintiff seeking a Rule 45 subpoena to a non-party must file a written motion that: (1) attaches the proposed subpoena; (2) sets forth the name and address of the witness and custodian and the general nature of the documents sought; and (3) states with particularity the reasons for seeking the documents, after which "the Court will then determine whether the subpoenas should issue." *Id.* at 6–7. Leave is thus discretionary and Plaintiff's mere submission of his Motion does not entitle him to issuance of the subpoena.

The Scheduling Order also incorporates the settled "legal right" standard for a party's control over documents held by another: "[a] party need not have actual possession of documents to be deemed in control of them. A party that has a legal right to obtain certain documents is deemed to have control of the documents." [Doc. 29] at 2 n.2 (*quoting Clark v. Vega Wholesale Inc*., 181 F.R.D. 470, 472 (D. Nev. 1998), and *citing Allen v. Woodford*, No. CV-F-05-1104 OWW LJO, 2007 WL 309945, at *2 (E.D. Cal. Jan. 30, 2007)). Moreover, Section 5 of the Scheduling Order requires that discovery disputes be resolved through a good-faith meet-and-confer and, if necessary, a Rule 37 motion to compel. *Id.* at 7-8. It does not contemplate a non-party subpoena as a substitute for, or end around of, that process. *Id.*

**C. Plaintiff's Requests for Production and Defendants' Responses.**

Plaintiff has already served eight Requests for Production directed to Count Three on Director Thornell, seeking substantially the same categories of ADCRR fire-safety

records now sought from Ms. Neal by subpoena.[1]

RFP No. 1 sought all fire-system documentation from a separate civil action, *Bearup v. Shinn*. Defendants objected on relevance, overbreadth, and burden grounds and declined to reproduce those separate records.

RFP No. 2 sought statewide, and Tucson-Complex, fire incident reports for a seven-year period. Defendants objected to this request as overbroad and disproportionate and agreed to produce incident reports concerning a March 6, 2026 Rincon Unit fire, while declining to produce statewide records.

RFP No. 3 sought seven years of Rincon Unit staffing-level records. Defendants objected on institutional-security and proportionality grounds and declined to produce comprehensive staffing records.

RFP No. 4 sought Annual Fire Profile Reports and "a detailed report of critical item fire equipment shortages to the Fire and Life Safety Administrator" [Ms. Neal's office] for 2019 to present. Defendants objected on overbreadth grounds to the multi-year, complex-wide scope.

RFP No. 5 sought Budget Requests for Fire Safety upgrades and related capital-project documentation for 2019 to present. Defendants asserted the deliberative-process privilege and the correctional-security privilege and declined to produce pre-decisional budget-deliberation documents.

RFP No. 6 sought maintenance and Annual Sprinkler testing records for fire-protection systems under ADCRR Department Order 404 for 2019 to present. Defendants objected on overbreadth and institutional-security grounds and declined to produce seven years of maintenance and testing records complex-wide.

RFP No. 7 sought fire-detection and protection-system testing results and monthly inspection reports reported to ADCRR's Occupational Safety Consultant under Department

[1] Plaintiff served a total of 16 requests for production across all claims and, as such, has exceeded the 15 request limit established by the Scheduling Order. [Doc. 29] at 5.

Order 404 for 2019 to present. Defendants objected as duplicative of RFP No. 6 and on institutional-security grounds and declined to produce those records complex-wide.

RFP No. 8 sought fire code amendments and Post Orders concerning fire-watch personnel requirements. Defendants agreed to seek, and produce, publicly available fire code and Department Order provisions, while objecting to and declining to produce Post Orders detailing housing-unit security-officer patrol procedures on institutional-security grounds.

Defendants also asserted a general objection applicable to all Count Three requests for production, explaining that, taken together, they sought "detailed fire safety infrastructure records, maintenance histories, inspection reports, budget documents, staffing records, and emergency response protocols covering a seven-year period across multiple ADCRR facilities statewide" that were "overbroad, unduly burdensome, disproportionate to the needs of this case, and implicate institutional security concerns."

**D. The Proposed Subpoena to Ms. Neal.**

The subpoena proposed through the Motion, directed to Amy Neal as ADCRR's Fire and Life Safety Administrator, seeks production of 10 categories of ADCRR documents for the period January 1, 2023 through the date of production, concerning Rincon Buildings 10 and 11: inspection reports (Request 1); impairment, deficiency, and non-operational-status reports (Request 2); testing reports and certifications (Request 3); preventive-maintenance records (Request 4); corrective-maintenance requests, work orders, and repair logs (Request 5); procurement and project records (Request 6); project schedules, completion, and close-out records (Request 7); capital-improvement, budget, and funding records (Request 8); nonprivileged correspondence concerning the condition, repair, and status of the fire-protection systems (Request 9); and fire-watch directives (Request 10). [Doc. 42-2] at 1–2.

## III. ARGUMENT

### A. The Requested Records are within Defendants' Possession, Custody, and Control, Making Rule 34, and not Rule 45, the Proper Discovery Mechanism.

A subpoena directed to an agency employee for records the agency itself controls is not a proper substitute for a request for production directed at the agency's own party-defendant official. “Control is defined as the legal right to obtain documents upon demand.” *In re Citric Acid Litig.*, 191 F.3d 1090, 1107 (9th Cir. 1999) (quoting *United States v. Int'l Union of Petroleum & Indus. Workers*, 870 F.2d 1450, 1452 (9th Cir. 1989)). The Scheduling Order already applies that same standard to the parties in this case. [Doc. 29] at 2 n.2 (*quoting Clark v. Vega Wholesale*, 181 F.R.D. at 472). Defendant Thornell, sued in his official capacity as ADCRR Director, has not contested that he has the legal right to obtain records maintained by ADCRR's Fire and Life Safety Administrator concerning ADCRR-owned housing units. Those are ADCRR's own institutional records, generated and retained by ADCRR representatives, acting within the scope of their ADCRR duties.

Plaintiff's own written discovery confirms this. RFP No. 4, served on Defendants under Count Three, already sought a report of “critical item fire equipment shortages to the Fire and Life Safety Administrator.” Plaintiff thus already treated the Fire and Life Safety Administrator's records as records available to be requested from Defendants and not as records held by an independent, non-party outside Defendants' control. Having once served that request on Defendants and received a response, Plaintiff cannot now recast the Fire and Life Safety Administrator’s records as the proper subject of a Rule 45 subpoena simply because he is dissatisfied with the scope of Defendants' RFP responses and/or desires to seek discovery in excess of the numerical limit imposed by the Scheduling Order.

This distinction matters because Rule 45 is not meant to be used as a workaround for Rule 34. Where a party has possession, custody, or control of responsive documents, the burden of producing them should fall on that party through Rule 34, not on a non-party

through Rule 45. *See Buhrmaster v. Overnight Transp. Co.*, 61 F.3d 461, 464 (6th Cir. 1995) (subpoena properly quashed where it sought to circumvent the discovery process otherwise available between the parties). The proper vehicle for testing the adequacy of Defendants' Count Three RFP responses is a meet-and-confer followed, if necessary, by a Rule 37 motion to compel. This is the very procedure the Scheduling Order prescribes, not a subpoena to the ADCRR employee whose records were already the subject of party discovery.

**B. The Subpoena Substantially Duplicates Plaintiff's own Count Three Requests for Production and is an Improper Vehicle to Seek to Avoid Defendants' Objections.**

Nearly every category in the proposed subpoena tracks a category Plaintiff already propounded in his requests for production, to which Defendants already have responded.

Subpoena Requests 1 through 3 address inspection, impairment/deficiency, and testing/certification reports and overlap RFP Nos. 6 and 7, to which Defendants objected on overbreadth and institutional-security grounds by explaining that "qualified testing results and monthly inspection reports reflecting deficiencies or failures present institutional security risks if disclosed to an incarcerated plaintiff."

Subpoena Requests 4 and 5, which propose to seek preventive and corrective maintenance records, work orders, and repair logs, are largely duplicative of RFP No. 6, to which Defendants raised the same institutional-security and overbreadth objections.

Subpoena Requests 6 through 8 identify procurement, project, and capital-funding records and overlap RFP No. 5, to which Defendants asserted the deliberative-process privilege for pre-decisional budget-deliberation documents concerning fire-safety capital projects.

Subpoena Request 10 concerns fire-watch directives and covers the same subject matter as the fire-watch interrogatories already answered by Defendant Thornell and the fire-watch-related Post Order material Defendants withheld in response to RFP No. 8 on institutional-security grounds.

Federal Rule of Civil Procedure 26(b)(2)(C)(i) requires the Court to limit discovery that is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Here, the "other source" is not merely more convenient, it is the identical source (ADCRR, through Defendant Thornell) that Plaintiff already used, and to which Defendants have already responded and asserted specific, particularized objections. Routing the same requests through Ms. Neal does not create a new discovery right, it simply asks a subordinate ADCRR employee, to produce what Defendant Thornell's counsel already evaluated and, in part, declined to produce for stated reasons. Permitting that end run would undermine the very purpose of Rule 34's party-response process and would improperly shift the burden of asserting institutional-security and privilege objections from Defendants, who are equipped to raise them, to a non-party employee who is not before the Court.

**C. Plaintiff Has not Shown, With the Particularity Required by the Scheduling Order, Why the Existing Party-Discovery Process is Inadequate.**

The Scheduling Order requires a motion for a non-party subpoena to "state with particularity the reasons for seeking the testimony and documents." [Doc. 29] at 7. Plaintiff's Motion offers only the generalized assertion that Ms. Neal is "believed, by virtue of that position, to possess, supervise, receive, or have access to records maintained by ADCRR Fire and Life Safety." [Doc. 42] at 1. That showing does not address, let alone overcome, the fact that Plaintiff already served the same or similar requests on Defendants, that Defendants already responded to those requests, or that Plaintiff has not pursued the meet-and-confer and motion-to-compel process provided for under the Scheduling Order if Plaintiff wished to test the sufficiency of those responses. A generalized belief that a named ADCRR administrator "by virtue of [her] position" likely has responsive records is not a particularized reason why party discovery under Rule 34, already invoked once on this very subject, is unavailable or inadequate.

### D. The Subpoena's Scope is not Proportional to Count Three and Raises the Same Overbreadth Concerns Presented by Plaintiff's Requests for Production

The proposed subpoena seeks information from January 1, 2023 through the date of production, a scope at least as broad as, and in some respects broader than, the scope Defendants already resisted as disproportionate in response to the requests for production. Requests such as Nos. 6 through 9 (procurement files, project records, budget and funding records, and correspondence) are, if anything, broader than the corresponding RFPs, since they are not limited to documents "specifically" concerning Buildings 10 and 11 in the same way Defendants' own narrowing did, and Request No. 9 reaches all "nonprivileged correspondence" among an open-ended list of ADCRR personnel and contractors on the general subject of the fire-protection systems' condition and repair, which is the kind of broad correspondence sweep that raises the same deliberative-process and institutional-security concerns Defendants already raised as to RFP No. 5. A subpoena that seeks, from a non-party ADCRR employee, records at least as broad as those Defendants already objected to as disproportionate when sought directly from them is not entitled to more favorable treatment merely because Plaintiff has identified a different target for his discovery requests.

## IV. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's Motion.

DATED this 3rd day of September, 2026.

By: */s/ Brian Bergin*
Brian Bergin
Kevin Kasarjian
4343 East Camelback Road, Suite 210
Phoenix, AZ 85018
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on September 3, 2026, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF system for filing, which will provide a Notice of Electronic Filing to all CM/ECF registrants.

I further certify that, on this same date, the foregoing document and a Notice of Electronic Filing were served by mail to the following, who is not a registered participant of the CM/ECF system:

Arizona Department of Correction,
Rehabilitation & Reentry
Andre M. Leteve, #277278
ASPC/Tucson/Rincon D/Row
801 E Jefferson St
Phoenix, AZ 85034

By: *<u>/s/ Shelly Hilton</u>*