Brian Bergin, #016375
Kevin Kasarjian, #020523
**Bergin, Frakes, Smalley & Oberholtzer, PLLC**
4343 East Camelback Road, Suite 210
Phoenix, Arizona 85018
Telephone: (602) 888-7855
Facsimile: (602) 888-7856
bbergin@bfsolaw.com
kkasarjian@bfsolaw.com
*Attorneys for Defendants*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Andre Michael Leteve,<br><br>Plaintiff,<br><br>vs.<br><br>Ryan Thornell, et al.,<br><br>Defendants. | Case No.: CV-25-00622-TUC-JGZ<br><br>**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR CLARIFICATION AND LEAVE TO OBTAIN SWORN NON-PARTY TESTIMONY FROM SGT. HORTON BY WRITTEN QUESTIONS, OR ALTERNATIVELY BY TELEPHONIC DEPOSITION** |

Defendants, by and through undersigned counsel, respectfully submit this Response in Opposition to Plaintiff's Motion for Clarification and Leave to Obtain Sworn Non-Party Testimony from Sgt. Horton by Written Questions, or Alternatively by Telephonic Deposition [Doc. 41] (the "Motion"). For the reasons set forth below, the Motion should be denied. In the alternative, if the Court is inclined to permit any discovery from Sgt. Horton, it should be conducted solely by written questions under Federal Rule of Civil Procedure 31, subject to the limitations proposed therein.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiff's Motion should be denied for two independent reasons. First, Plaintiff has not made the threshold showing required by this Court's Scheduling Order [Doc. 29] before any deposition sought by an incarcerated plaintiff may proceed. Plaintiff's Motion does not

identify a qualified officer, an estimated cost, or a source of funds and, instead, asks this Court to grant leave first and work out those details later.

Second, the discovery Plaintiff seeks is not proportional to the needs of a case that now consists only of official-capacity claims for prospective injunctive relief. The proposed examination spans a 21-month period, much of which post-dates the events at issue, and duplicates a documentary record Defendants have already produced.

Should the Court conclude that some limited testimony from Sgt. Horton is warranted, it should proceed by written questions under Rule 31, which is the procedure Plaintiff himself requests as his primary relief. If granted, the deposition by written questions should remain subject to appropriate temporal and subject-matter limits.

## II. BACKGROUND

### A. The Claims to Which This Discovery Would Relate

Plaintiff's original Complaint sued four individuals: ADCRR Director Thornell, ASPC-Tucson Warden J. Martinez, Deputy Warden D. Mendoza, and Sergeant M. Tuccino. [Doc. 20] at 2. On initial screening of that Complaint, the Court dismissed Count One in its entirety, dismissed Defendant Mendoza from the action, and permitted only two claims to proceed: Count Two, a policy-or-custom claim against Defendant Martinez, in his official capacity only, concerning ASPC-Tucson's alleged custom of not following ADCRR policy regarding prison mail (specifically, the delayed and misrouted delivery of Plaintiff's Wall Street Journal subscription), and Count Three, an official-capacity claim against Defendant Thornell concerning fire-detection and suppression systems. [Doc. 20] at 3.

Plaintiff subsequently obtained leave to file a First Amended Complaint ("FAC"), which left Counts Two and Three unchanged but added a new factual allegation (Paragraph 5.1) to Count One. [Doc. 20] at 1, 3. On screening the FAC, which is now the operative pleading in this action, the Court held that Paragraph 5.1 stated a policy-or-custom claim against Defendant Tuccino, in his official capacity only, concerning ASPC-

Tucson's alleged custom of not following ADCRR policy regarding the handling of Plaintiff's legal mail, and ordered Defendant Tuccino to answer Count One on that basis. [Doc. 20] at 9, 11. The Court left its analysis of Counts Two and Three undisturbed and incorporated it by reference. [Doc. 20] at 3.

Thornell, Martinez, and Tuccino are, therefore, the only Defendants remaining in this action, and all three surviving claims are official capacity claims only. [Doc. 20] at 9, 11. Official-capacity claims permit only prospective declaratory or injunctive relief for continuing violations of federal law and do not support relief for past conduct. [Doc. 20] at 8 (*citing Hafer v. Melo*, 502 U.S. 21, 27 (1991); *Coal. to Defend Affirmative Action v. Brown*, 674 F.3d 1128, 1134 (9th Cir. 2012)). Sgt. Horton is not, and never has been, a named Defendant. Plaintiff's proposed testimony of Sgt. Horton relates only to Count Two, the claim against Defendant Martinez concerning the delivery of Plaintiff's Wall Street Journal.

**B. Deposition Procedure According to the Scheduling Order.**

The Court's June 5, 2026 Scheduling Order sets out a specific, mandatory, procedure governing any effort by an incarcerated plaintiff to depose a witness. Under that order, the Plaintiff does not have a right to take depositions but provides a mechanism through which Plaintiff may seek permission to take a telephonic deposition.

> "Plaintiff must file a motion requesting leave or permission to do so, specifically showing the ability to comply with the applicable Federal Rules of Civil Procedure by providing (1) reasons why the information cannot be obtained by written questioning, (2) the names of the proposed persons to be deposed, (3) the name and address of the court reporter who will take the deposition, or whether another permissible form of recording will be used, (4) the estimated cost for the court reporter's time and the recording, and (5) the source of funds for payment of the cost."

[Doc. 29] at 6.

**C. The Existing Discovery Record.**

Defendants have already produced substantial documentation concerning the operation of the mail center and the handling of Plaintiff's Wall Street Journal deliveries, including documents bearing Bates numbers DEF000022 through DEF000060 — produced in response to Plaintiff's requests for production seeking incident reports, inmate communications, and email exchanges concerning Sgt. Horton and the newspaper-delivery issues underlying Count Two. In responding to that same written discovery, Defendants specifically objected that Count Two "concerns alleged First Amendment deprivations arising from the handling of Plaintiff's mail in 2024 and 2025," and that mail-related communications and procedures from later periods "cannot have caused, contributed to, or remedied the events about which Plaintiff complains" and fall outside the scope of discovery permitted by Rule 26(b)(1).

**D. The Motion.**

Plaintiff's Motion asks the Court to authorize sworn non-party testimony from Sgt. Horton concerning Central Office Mail Center operations. It appears to seek permission to take a deposition by written questions under Rule 31 or, alternatively, by telephonic deposition, covering "delays from November 1, 2024 through July 31, 2026." [Doc. 41] at 2. Plaintiff acknowledges that he does not presently know the identity of a qualified Rule 28 officer, the cost of the deposition, or the source of funds to pay for it, and asks the Court either to let him supply that information within fourteen days after the Court rules, or to order the parties to confer to develop it. *Id.*

## III. ARGUMENT

### A. The Motion Should Be Denied Because Plaintiff Has Not Made the Threshold Showing Required by the Scheduling Order.

The Scheduling Order's five-part showing before leave is granted is not a formality. Each requirement serves a purpose that matters before, not after, a non-party is subjected to a deposition. The officer and recording method must be identified because Rule 28

requires that deposition testimony be taken before a qualified, disinterested officer authorized to administer oaths. Fed. R. Civ. P. 28(a)(1), (c). Services of the officer are required whether the deposition is by oral or written question. *See* Fed. R. Civ. P. 30(b)(5), 31(b). The cost and funding source must be identified because, as Plaintiff himself acknowledges, the Court is not required to advance deposition expenses for an unrepresented litigant, and unresolved questions of cost and payment are precisely what generate the later disputes and delay that the Scheduling Order's procedure is designed to avoid.

Plaintiff's Motion does not supply this critical information. Rather than showing an ability to comply with the applicable rules, Plaintiff proposes that the Court grant leave now and allow the officer, cost, and funding details to be worked out afterward, either through his own later supplementation or through a court-ordered meet-and-confer. [Doc. 41] at 2. That request inverts the Scheduling Order's sequence: the Order conditions leave on the required showing being made in the Motion itself, not on a promise to make that showing later. Because the Motion does not identify a qualified Rule 28 officer, an estimated cost, or a source of funds, it fails to satisfy the Scheduling Order's requirements on its face and should be denied.

**B. The Requested Discovery Is Disproportionate to the Needs of the Case**

Even setting the procedural defect aside, the discovery Plaintiff proposes is not proportional to the needs of the case, as Rule 26(b)(1) requires. Rule 26(b)(1) directs courts to weigh, among other things, "the importance of the issues at stake in the action," "the parties' relative access to relevant information," "the importance of the discovery in resolving the issues," and "whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Each of these factors weighs against the discovery proposed here.

**1. An Institutional Policy-or-Custom Claim is Answered by Institutional Records, not by One Non-Party Sergeant's Recollection**

Count Two does not turn on Sgt. Horton's individual conduct. It turns on whether ASPC-Tucson maintained a custom or policy of disregarding ADCRR's mail-handling procedures. [Doc. 20] at 3. That institutional question is answered chiefly by institutional records. Namely, the governing policy (Department Order 914), the mail center's logs and tracking records, and the internal communications concerning Plaintiff's deliveries. A single, non-party sergeant's memory of his day-to-day duties is nominally probative. Defendants have already produced the categories of documents most likely to answer the relevant questions in response to Plaintiff's Requests for Production. Additional non-party testimony, covering the same ground, would be, at best, cumulative of a documentary record already in Plaintiff's possession.

**2. The Proposed Subject Matter and Time Period Exceed the Scope of the Surviving Claim.**

Plaintiff proposes to question Sgt. Horton about mail handling from November 1, 2024 through July 31, 2026 — a 21-month span, roughly seven months of which post-date 2025, the last year in which Plaintiff alleges any deprivation occurred. [Doc. 41] at 2; [Doc. 20] at 3. Defendants consistently have maintained, in response to Plaintiff's written discovery, that mail-related communications and procedures from later periods fall outside the scope of Count Two and are not cognizable under Federal Rule of Civil Procedure 26(b)(1), which limits the scope of discovery to matters relevant to the claims or defenses actually at issue. The same reasoning applies with equal force here. To the extent the Court permits any examination of Sgt. Horton, it should be limited to the period actually at issue in Count Two.

**3. The Burden on a Non-Party Outweighs any Marginal Benefit**

Sgt. Horton is not a party to this action. A party seeking discovery from a non-party must "take reasonable steps to avoid imposing undue burden or expense" on that person, and the Court must enforce that duty. Fed. R. Civ. P. 45(d)(1). Requiring an ADCRR

sergeant to sit for sworn examination, cumulative of the documentary discovery Defendants have already produced covering the same subject matter, imposes a real burden for marginal incremental benefit, particularly where the only claim to which the testimony would relate seeks prospective injunctive relief concerning the mail center's current operation, not damages for the specific historical deliveries Sgt. Horton likely would be asked to recall in detail.

**C. In the Alternative, Any Deposition Should Proceed by Written Questions Under Rule 31, Limited in Scope and Duration.**

If the Court is inclined to permit discovery from Sgt. Horton, it should require that discovery only proceed by deposition upon written questions under Rule 31, rather than by oral telephonic examination. The Scheduling Order, itself, reflects this preference: before any oral deposition may be authorized, the moving party must show "reasons why the information cannot be obtained by written questioning." [Doc. 29] at 6. Plaintiff has identified no such reason, and none appears to exist. The information he seeks concerns the operation of a mail-processing system and can be elicited through a defined set of written questions as readily as through live examination. Written questions also minimize the logistical burden on a non-party correctional employee and avoid the coordination difficulties inherent in scheduling a telephonic oral examination involving an incarcerated plaintiff, a non-party witness, and a Rule 28 officer.

If the Court authorizes a deposition by written questions, Defendants respectfully request that any order doing so:

(1) require Plaintiff to first identify a qualified Rule 28 officer, the estimated cost, and the source of funds for payment, consistent with the Scheduling Order, before any subpoena or notice issues;

(2) limit the subject matter and time period of the written questions to mail handling occurring between November 1, 2024 and December 31, 2025, consistent with the temporal scope of Count Two;

(3) preserve Defendants' right to serve cross-questions, and Plaintiff's right to serve redirect and recross-questions, under Rule 31(a)(5); and

(4) exclude privileged communications, personnel-discipline matters unrelated to Count Two, and security-sensitive information, consistent with the limitations Plaintiff himself has proposed. [Doc. 41] at 2.

## IV. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's Motion. In the alternative, if the Court is inclined to permit any discovery from Sgt. Horton, Defendants request that it be conducted solely by written questions under Rule 31, subject to the threshold showing required by the Scheduling Order and the temporal and subject-matter limitations set forth in Part III.C above.

DATED this 3rd day of September, 2026.

By: *_/s/ Brian Bergin_*

Brian Bergin
Kevin Kasarjian
4343 East Camelback Road, Suite 210
Phoenix, AZ 85018
*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 3, 2026, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF system for filing, which will provide a Notice of Electronic Filing to all CM/ECF registrants.

I further certify that, on this same date, the foregoing document and a Notice of Electronic Filing were served by mail to the following, who is not a registered participant of the CM/ECF system:

Arizona Department of Correction,
Rehabilitation & Reentry
Andre M. Leteve, #277278
ASPC/Tucson/Rincon D/Row
801 E Jefferson St
Phoenix, AZ 85034

By: */s/ Shelly Hilton*