FILED LODGED
Sep 24 2026
CLERK U.S. DISTRICT COURT
DISTRICT OF ARIZONA

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

André Michael Letevé,
Plaintiff,

v.

Ryan Thornell, et al.,
Defendants.

Case No. CV-25-00622-TUC-JGZ

PLAINTIFF'S EXPEDITED MOTION FOR LIMITED MODIFICATION OF DOC. 29 TO PRESERVE A PRIVILEGE-LOG DISCOVERY CHALLENGE

## I. Relief Requested

Plaintiff André M. Letevé, proceeding pro se and incarcerated, respectfully requests a narrow modification of the discovery-dispute schedule in the Court's Scheduling, Disclosure, and Discovery Order (Doc. 29). Plaintiff does not request a general extension of discovery and does not presently ask the Court to decide the merits of any privilege claim. He asks only that, as to Defendants' promised October 2, 2026 privilege log and related redactions or withheld materials, Plaintiff be permitted a reasonable period after receipt to complete the required good-faith conference and, if necessary, present a focused motion concerning the sufficiency of the log, asserted privilege, or scope of redaction.

## II. Relevant Discovery History

Defendants' July 2, 2026 response to Count III RFP No. 8 represented that Defendants would conduct a reasonable search for fire-code or ADCRR provisions applicable to fire-watch requirements, produce qualifying non-security-sensitive materials, identify withheld Post Orders by general description in a privilege log, and supplement the

response when the search was complete. No promised privilege log or substantive RFP No. 8 supplementation was thereafter received before the present meet-and-confer. Plaintiff's pending Count III discovery papers have also explained that the July 2 production did not provide the underlying operational records concerning inspection, testing, impairment, maintenance, repair, restoration, or replacement of the relevant fire-protection systems.

## III. September 18 Good-Faith Conference

At approximately 10:30 a.m. on September 18, 2026, Plaintiff and defense counsel Mr. Bergin conducted an approximately twenty-five-minute good-faith conference concerning the outstanding Count III discovery. Plaintiff recalls counsel representing that Defendants would provide the outstanding privilege log within two weeks, by October 2, 2026, while maintaining objections to disclosure of some information without redaction. Plaintiff also recalls counsel stating that he had been informed by an approximately fifteen-year ADCRR employee associated with the relevant department that the fire-suppression system is nonfunctional and has been out of service for several years, and that funding/project activity remains in procurement although counsel did not have the bid dates. Plaintiff offers these latter statements only to explain the continuing relevance of the underlying records and not to ask the Court to adjudicate their truth in this motion.

## IV. Good Cause Exists for a Limited Modification

Doc. 29 requires discovery disputes to be addressed promptly and imposes deadlines governing motions to compel. The promised privilege log, however, will not be supplied until October 2. Plaintiff cannot assess an entry's description, the privilege asserted, the extent of withholding, the relationship between a log entry and a redacted document, or whether narrower redaction would suffice until the log exists. Requiring a challenge before October 2 would therefore require Plaintiff either to file a speculative motion or risk losing the opportunity to challenge a document description or redaction that Defendants have elected to provide later.

Federal Rule of Civil Procedure 16(b)(4) permits modification of a scheduling order for good cause and with the Court's consent. Good cause exists here because Plaintiff timely pursued the dispute, participated in the required September 18 good-faith conference, and the event that makes a later challenge potentially necessary—the content and sufficiency of the promised privilege log—will not occur until October 2. Plaintiff is not seeking delay for its own sake and cannot reasonably evaluate presently unavailable entries.

## V. The Requested Relief Is Narrow

Plaintiff requests no extension of unrelated discovery deadlines. He proposes that any challenge limited to the October 2 privilege log, documents identified on that log, corresponding redactions, and the promised RFP No. 8 supplementation be deemed timely if Plaintiff: (1) reviews the production promptly after receipt; (2) conducts any additional good-faith conference reasonably required by Doc. 29; and (3) files any

necessary motion within fourteen days after receipt of the October 2 production, or within fourteen days after completion of the required follow-up meet-and-confer, whichever the Court directs. Alternatively, Plaintiff requests whatever short period the Court considers appropriate.

**VI. Privilege Issues Cannot Be Meaningfully Evaluated Before the Log Is Served**

Rule 26(b)(5)(A) requires a party withholding otherwise discoverable information on a claim of privilege or protection to expressly make the claim and describe the nature of the withheld material in a manner that enables the opposing party to assess the claim without disclosure of the protected information. The requested limited extension would allow that process to operate as intended. Plaintiff does not presently contend that every privilege is invalid or waived. He seeks only the opportunity to evaluate the descriptions, confer over any genuinely disputed entries, and request narrower redaction, a protective-order alternative, in camera review, or other appropriate relief if a dispute remains.

**VII. Conclusion**

Plaintiff respectfully requests that the Court find good cause under Rule 16(b)(4) and modify Doc. 29 solely to preserve Plaintiff's ability to challenge Defendants' October 2, 2026 privilege log, corresponding redactions or withheld documents, and related RFP No. 8 supplementation after those materials are actually served. Plaintiff further requests that no such challenge be deemed untimely solely because Defendants'

promised log is being produced after the otherwise applicable discovery-dispute deadline.

Respectfully submitted this September 18, 2026.

9-18-26

André Michael Letevé, Plaintiff Pro Se

ADCRR No. 277278

ASPC Tucson / Rincon C61 / 11-C-11

801 E. Jefferson

Phoenix, AZ 85034

**CERTIFICATE OF SERVICE**

I certify that on September 18, 2026, I placed a true and correct copy of the foregoing in the institutional legal mail, addressed to counsel of record for Defendants at the address shown on the Court docket.

9-18-26

André Michael Letevé