FILED LODGED
Sep 24 2026
CLERK U.S. DISTRICT COURT
DISTRICT OF ARIZONA

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

André Michael Letevé,
Plaintiff,

v.

Ryan Thornell, et al.,
Defendants.

Case No. CV-25-00622-TUC-JGZ

PLAINTIFF'S MOTION FOR COURT APPOINTMENT OR DESIGNATION OF A RULE 28 OFFICER FOR THE RULE 31 DEPOSITION OF SGT. HORTON

## I. Relief Requested

Plaintiff André Michael Letevé, proceeding pro se and in forma pauperis ("IFP"), respectfully requests a limited order under Federal Rule of Civil Procedure 28(a)(1)(B) appointing or designating a neutral qualified person to administer the oath and take and certify the testimony of non-party Sgt. Horton for the written-question deposition sought in Document 41 and narrowed in Plaintiff's Reply to Document 46.

Plaintiff does not contend that 28 U.S.C. § 1915 creates a general right to have ordinary civil-discovery expenses paid by the United States. Rather, Plaintiff asks the Court to use the separate authority expressly provided by Rule 28 to appoint the neutral deposition officer needed to make the proposed Rule 31 procedure practicable for an incarcerated, indigent litigant. If the Court concludes that it lacks authority to require public payment of a commercial reporter, Plaintiff alternatively asks the Court to appoint or designate an available qualified person who can perform the limited Rule 31 functions at no cost or minimal cost, or to direct the parties to confer concerning such a person.

## II. Procedural Background

Document 41 requested clarification and leave to obtain Sgt. Horton's sworn testimony by written questions, alternatively by telephonic deposition. Defendants' response in Document 46 took the position that, if Horton discovery is permitted, it should proceed by written questions. Plaintiff accepted that limitation, withdrew the oral-deposition alternative, and narrowed the proposed examination to sixteen questions concerning the Central Office newspaper workflow and Plaintiff's Wall Street Journal deliveries. Plaintiff's Reply further acknowledged that a Rule 31 deposition must proceed before an officer authorized under Rule 28 and that Document 29 requires an incarcerated plaintiff seeking a deposition to address the officer or permissible recording arrangement, estimated cost, and source of payment. Plaintiff requested fourteen days after authorization of the Rule 31 deposition to provide those administrative details or, alternatively, appointment or authorization of a neutral qualified officer. The remaining practical barrier is therefore not the form of examination but obtaining a neutral officer who can administer the oath, take the answers to the written questions, and certify the deposition.

## III. Rule 28 Expressly Authorizes Court Appointment of the Deposition Officer

Federal Rule of Civil Procedure 28(a)(1)(B) provides that a deposition within the United States may be taken before "a person appointed by the court where the action is pending to administer oaths and take testimony." Rule 28(a)(2) further provides that the term "officer" in Rules 30, 31, and 32 includes a person appointed by the Court under Rule 28.

That authority fits the present request. Plaintiff is not asking the Court to create a new discovery device. He seeks the Rule 31 written-question procedure already placed before the Court. Appointment under Rule 28 would supply the neutral officer required to administer the oath and take and certify Horton's responses while preserving Defendants' ordinary Rule 31 rights to submit cross-questions, followed by redirect and recross questions as permitted by Rule 31(a)(5).

## IV. Plaintiff's Incarceration and Indigency Make Ordinary Retention of a Reporter Impracticable

Plaintiff is incarcerated in ADCRR custody, is proceeding pro se and IFP, and lacks the practical ability to travel to a reporter's office, personally arrange an examination at an ADCRR location, or retain and coordinate a commercial deposition reporter in the ordinary manner. Plaintiff's indigency also materially limits his ability to pay commercial reporter and transcript charges.

Plaintiff recognizes that IFP status ordinarily waives prepayment of specified court fees and does not itself entitle an indigent civil litigant to unlimited publicly funded discovery. The present motion therefore does not rest on § 1915 alone. Plaintiff's IFP status and incarceration instead explain why the Court's Rule 28 appointment authority is necessary to prevent the mechanics of obtaining an officer from defeating otherwise authorized, narrowly tailored discovery.

## V. The Requested Appointment Is Limited and Proportional

The proposed examination has already been narrowed to written questions. It does not require Plaintiff's physical presence and does not require a conventional oral examination. The officer's role would be limited to the functions required by Rules 28 and 31: administering the oath, presenting the properly served written questions and any authorized cross-, redirect-, and recross-questions, recording Horton's sworn answers in an authorized manner, and certifying and transmitting the deposition as the Rules require.

The proposed questions concern operational facts relevant to the surviving Count II prospective claim: the Central Office newspaper workflow, records created during that workflow, receipt and transfer timestamps, non-pickup days, the seventy-two-hour delivery procedure, publication review, and the division of responsibility between Central Office and ASPC-Tucson. Plaintiff has removed broader questions and does not seek privileged communications, unrelated personnel matters, Count III information, or unnecessary security-sensitive details.

## VI. Requested Alternatives Concerning Cost and Selection of the Officer

Plaintiff respectfully requests that the Court first determine whether it can appoint or designate a qualified neutral person under Rule 28(a)(1)(B) who can perform the limited Rule 31 functions without charge to Plaintiff or at a reduced or minimal cost because of Plaintiff's IFP status and incarceration.

If the Court concludes that Rule 28 authorizes appointment but does not authorize payment of a commercial court reporter from public funds, Plaintiff asks the Court not to deny the deposition solely on that basis. Instead, Plaintiff requests one of the

following narrower alternatives: (1) appoint an available neutral person qualified to administer oaths and take testimony; (2) direct the parties to confer and jointly identify an authorized notary, court reporter, or other Rule 28 officer willing to conduct the written deposition at no or reduced cost; or (3) permit Plaintiff fourteen days after the Court identifies the permissible procedure to submit the officer's name and address, estimated cost, and any available source of payment.

Plaintiff is willing to use the least expensive method the Court finds consistent with Rules 28 and 31 and with a reliable sworn record.

## VII. Requested Relief

Plaintiff respectfully requests that the Court: (1) if it grants or permits the Rule 31 examination sought in Document 41, appoint or designate under Rule 28(a)(1)(B) a neutral qualified person to administer the oath and take and certify Sgt. Horton's testimony; (2) to the extent legally available, permit that service to be provided without charge to Plaintiff or at the lowest practicable cost in light of Plaintiff's IFP status and incarceration; (3) alternatively, direct the parties to confer concerning an available qualified Rule 28 officer and a no-cost or reduced-cost procedure; (4) if necessary, permit Plaintiff fourteen days after the Court's order to supplement the officer, estimated-cost, and source-of-payment information required by Document 29; and (5) grant such other limited relief as is necessary to permit the authorized written deposition to proceed.

Plaintiff expressly does not ask the Court in this motion to hold that § 1915 requires the United States to pay commercial deposition expenses. He asks the Court to exercise its

Rule 28 appointment authority, and to structure the procedure in the least costly practicable manner, so that indigency and incarceration do not by themselves prevent completion of the narrowly tailored Rule 31 discovery.

Respectfully submitted this 18th day of September, 2026.

André Michael Letevé, Plaintiff Pro Se

ADCRR No. 277278

ASPC Tucson / Rincon C61 / 11-C-11

801 E. Jefferson

Phoenix, AZ 85034

CERTIFICATE OF SERVICE

I certify that on the 18th day of September, 2026, I placed a true and correct copy of the foregoing in the institutional legal mail, addressed to counsel of record for Defendants at the address shown on the Court docket.

André Michael Letevé