☒ FILED ☐ LODGED
Sep 24 2026
CLERK U.S. DISTRICT COURT
DISTRICT OF ARIZONA

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

André Michael Letevé,
Plaintiff,

v.

Ryan Thornell, et al.,
Defendants.

Case No. CV-25-00622-TUC-JGZ

PLAINTIFF'S CONTEMPORANEOUS MEMORANDUM OF SEPTEMBER 18, 2026 GOOD-FAITH MEET-AND-CONFER

## Purpose

This memorandum is prepared contemporaneously to preserve Plaintiff André M. Letevé's recollection of the good-faith discovery conference conducted with defense counsel on September 18, 2026. It is intended as a factual record of the conference and not as testimony, a declaration under penalty of perjury, or an assertion that counsel personally witnessed the underlying institutional facts described to him.

## Conference

At approximately 10:30 a.m. on September 18, 2026, Plaintiff participated by telephone in a good-faith meet-and-confer with defense counsel, Mr. Bergin. The call lasted approximately twenty-five minutes and concerned outstanding Count III fire- and life-safety discovery, Defendants' objections and redactions, the promised privilege log, and the status of fire-system repair or replacement.

## Fire-suppression representation

Plaintiff recalls Mr. Bergin stating that he had been informed by an ADCRR employee with approximately fifteen years of service who is associated with the relevant department that the fire-suppression system is nonfunctional and has been out of service for several years. Plaintiff records this as counsel's representation of information reportedly supplied to him; Plaintiff does not characterize counsel as having personal knowledge of the underlying system condition. Unless confirmed in writing or discovery, this memorandum does not expand that statement to the fire-alarm system.

**Procurement representation**

Plaintiff recalls Mr. Bergin stating that funding/project activity remained in procurement and that he did not have the bid dates. Plaintiff understood the statement to mean that procurement was ongoing; no representation was made to Plaintiff during the call identifying a bid date, contract award, notice to proceed, installation date, commissioning date, acceptance date, or date on which the system had been restored to operation.

**Privilege log**

Plaintiff recalls Mr. Bergin stating that Defendants would provide the outstanding privilege log within two weeks, which Plaintiff understands to be October 2, 2026. Counsel also maintained objections to disclosure of some information without redaction because of its content.

**Reservation**

Plaintiff's agreement to await the promised October 2 privilege log is not intended as a waiver of any right to assess the sufficiency of the log, challenge a privilege or redaction, request a less restrictive redaction, seek in camera review or a protective-order alternative, or seek relief under the Federal Rules and the Court's Scheduling, Disclosure, and Discovery Order (Doc. 29). Plaintiff cannot meaningfully evaluate privilege entries or redactions that have not yet been provided.

**Accuracy**

This memorandum reflects Plaintiff's direct recollection immediately following the call. If defense counsel identifies a material misunderstanding, Plaintiff will preserve that clarification together with this memorandum.

Respectfully submitted this September 18, 2026.

9-18-26

André Michael Letevé, Plaintiff Pro Se

ADCRR No. 277278

ASPC Tucson / Rincon C61 / 11-C-11

801 E. Jefferson

Phoenix, AZ 85034