UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

☒ FILED ☐ LODGED
Sep 29 2026
CLERK U.S. DISTRICT COURT
DISTRICT OF ARIZONA

André Michael Letevé, Plaintiff,

v.

Ryan Thornell, et al., Defendants.

Case No. 4:25-CV-00622-JGZ

# PLAINTIFF'S MOTION FOR NARROWLY TAILORED PRELIMINARY INJUNCTIVE RELIEF CONCERNING FIRE AND LIFE-SAFETY CONDITIONS IN THE EVENT OF TRANSFER

## I. Relief Requested

Plaintiff respectfully moves under Fed. R. Civ. P. 65 and 18 U.S.C. § 3626 for narrowly tailored preliminary relief concerning the fire and life-safety condition of any ADCRR housing area to which Plaintiff may be transferred while Count III remains pending.

Plaintiff does not seek to prevent a transfer, select his institution, determine his classification, or obtain advance notice of the date, time, destination, route, transportation arrangements, staffing, or other security-sensitive details. He asks only that, if ADCRR transfers him during the effective period of the Court's order, Defendant Ryan Thornell, in his official capacity, or an authorized designee verify before Plaintiff is housed in the receiving area that the applicable fire-detection and automatic fire-

alarm systems are operational and that any automatic fire-suppression system required for that housing area under applicable fire/life-safety requirements is operational.

Plaintiff further requests a short post-placement certification of compliance. This structure is necessary because Plaintiff does not receive meaningful advance notice of a death-row transfer and therefore cannot reliably wait for a specific transfer notice before seeking protection.

## II. Count III and Existing Record

Count III is a surviving official-capacity claim against Director Ryan Thornell concerning fire and life-safety conditions. Plaintiff alleges prolonged exposure at Rincon to nonoperational or impaired automatic fire-protection systems.

In Defendants' September 9, 2026 responses to Plaintiff's Revised First Requests for Admission, Director Thornell admitted that DO 404 establishes procedures concerning applicable fire/life-safety standards, inspection and testing of fire equipment and alarm systems, repair and replacement, recurring fire/safety inspections, and maintenance of certain fire/life-safety maintenance/replacement records.

During a September 18, 2026 discovery conference, defense counsel represented, according to Plaintiff's contemporaneous recollection, that counsel had been informed by an approximately fifteen-year ADCRR employee associated with the relevant department that the fire-suppression system was nonfunctional and had been out of service for several years, and that project activity remained in procurement. Plaintiff

offers that representation only as part of the developing discovery record, not as proof of counsel's personal knowledge.

## III. Lack of Advance Transfer Notice

Movements of death-sentenced prisoners are conducted under heightened security. Based on Plaintiff's personal experience, prisoners are not provided the destination, exact date, time, route, or other operational details sufficiently in advance to permit ordinary pre-transfer litigation. Plaintiff's declaration describes his November 2024 transfer experience.

Requiring Plaintiff to wait until he receives notice of a specific future transfer would therefore make meaningful pre-transfer protection impracticable. The requested order avoids that problem without requiring ADCRR to disclose a planned transfer to Plaintiff; it operates only if ADCRR itself elects to transfer him during the order's effective period.

## IV. No Advance Security Disclosure Requested

Plaintiff expressly disclaims any request for advance disclosure of whether a transfer has been approved; the date or time; destination; route or transportation method; staffing; security procedures; receiving cell or precise location; or other tactical information.

Defendant Thornell can cause the required fire/life-safety verification to occur internally through an authorized ADCRR official. Plaintiff seeks regulation of one condition at the destination, not disclosure of the destination itself.

## V. Governing Standards

Under Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20, 22 (2008), preliminary relief requires likelihood of success, likely irreparable harm absent relief, favorable equities, and consistency with the public interest.

Under 18 U.S.C. § 3626(a)(2), prison-conditions preliminary relief must be narrowly drawn, extend no further than necessary, and be the least intrusive means necessary, with substantial weight given to public safety and criminal-justice operations. Preliminary relief automatically expires ninety days after entry unless the Court makes the findings required by § 3626(a)(1) and makes the order final. See Ahlman v. Barnes, 20 F.4th 489, 493-94 (9th Cir. 2021).

## VI. Nexus and Likelihood of Success

The requested protection is tied directly to surviving Count III and addresses the same category of alleged fire/life-safety harm. Plaintiff does not contend that every violation of an internal Department Order is itself unconstitutional. DO 404 is relevant because Defendants identify it as ADCRR's framework for inspection, testing, maintenance, repair, replacement, and related records.

## VII. Irreparable Harm

The alleged injury is exposure to serious fire and smoke hazards while confined in a housing area Plaintiff cannot independently leave. Fire, smoke inhalation, and loss of life cannot be adequately remedied after they occur. The absence of advance transfer

notice explains why a destination-specific motion filed after notice is not an effective remedy.

## VIII. Equities, Public Interest, and Narrowness

The requested relief leaves ADCRR's transfer, classification, transportation, and housing authority intact; requires no advance disclosure to Plaintiff; and does not prescribe staffing, testing methodology, equipment placement, or tactical procedures. If the receiving area's applicable systems are operational, compliance requires only verification of an existing condition through ADCRR's own reliable processes.

Plaintiff asks only for operational fire detection, operational automatic fire alarm, and operational suppression where suppression is required for the receiving housing area. This is materially less intrusive than prohibiting a transfer or directing where Plaintiff must be housed.

## IX. Duration

Plaintiff requests that the preliminary order remain effective for the ninety-day period authorized by § 3626(a)(2). Before expiration, Plaintiff requests that the Court determine whether the record supports the findings required by § 3626(a)(1) and, if so, make the narrowly tailored protection final for the remaining pendency of Count III, subject to lawful modification or termination.

## X. Mootness and Retaliation

The motion is not designed to keep Plaintiff at Rincon to preserve Count III from mootness, and Plaintiff does not ask the Court to find that a population-wide transfer is retaliatory. ADCRR may transfer Plaintiff for any lawful penological reason. The requested protection concerns only the fire/life-safety condition of the receiving housing area.

## XI. Requested Relief

Plaintiff requests an order providing that: (1) ADCRR remains free to transfer him without advance disclosure of security-sensitive details; (2) before he is housed in a receiving ADCRR area, Defendant Thornell or an authorized designee verifies that applicable fire-detection and automatic fire-alarm systems are operational and any required automatic suppression system is operational; (3) within seventy-two hours after placement, Defendant files a short certification of compliance that need not disclose security-sensitive information; (4) the Court makes the findings required by § 3626(a)(2); and (5) before ninety days expire, the Court determines whether § 3626(a)(1) supports final prospective relief for the remaining pendency of Count III.

Respectfully submitted this 29 day of September 2026.

André Michael Leteve, Plaintiff Pro Se

ADCRR No. 277278

ASPC Tucson / Rincon C61 / 11-C-11

801 E. Jefferson

Phoenix, AZ 85034

**CERTIFICATE OF SERVICE**

I certify that on the 29 day of September, 2026, I placed a true and correct copy of the foregoing in institutional legal mail addressed to counsel of record for Defendants at the address shown on the Court docket.

André Michael Leteve