Brian Bergin, #016375
Kevin Kasarjian, #020523
**Bergin, Frakes, Smalley & Oberholtzer, PLLC**
4343 East Camelback Road, Suite 210
Phoenix, Arizona 85018
Telephone: (602) 888-7855
Facsimile: (602) 888-7856
bbergin@bfsolaw.com
kkasarjian@bfsolaw.com
*Attorneys for Defendants*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

Andre Michael Leteve,

Plaintiff,

vs.

Ryan Thornell, et al.,

Defendants.

Case No.: CV-25-00622-TUC-JGZ

**DEFENDANTS' RESPONSE TO PLAINTIFF'S EXPEDITED MOTION FOR LIMITED MODIFICATION OF DOC. 29 TO PRESERVE A PRIVILEGE-LOG DISCOVERY CHALLENGE**

## I. INTRODUCTION

Defendants, by and through counsel undersigned, hereby respond to Plaintiff's Expedited Motion for Limited Modification of Doc. 29 (the "Motion") [Doc. 50]. The Motion should be denied as moot in part and otherwise as unnecessary.

The Motion seeks to preserve a future challenge to two things: (a) Defendants' supplemental response to Plaintiff's Request for Production ("RFP") No. 8; and (b) any privilege log covering any material withheld or redacted. Motion at 3–4. The first item has been served. On October 2, 2026, Defendant Thornell served his Supplemental Response to RFP No. 8 (Count III) (the "Supplement"), which also responded to the five additional document categories requested by Plaintiff through correspondence dated September 14, 2026. As to that supplementation, the Motion is moot.

The second item will be served with any additional, forthcoming production. The Supplement explains that ADCRR is reviewing potentially-responsive documents to make production determinations and, if necessary, identify security-sensitive information for redaction, consistent with Plaintiff's stated willingness to accept reasonable redactions. A privilege log cannot describe redactions that have not yet been made. Defendants will serve a log with any additional production, and they represent that they will not oppose any challenge to privilege assertions as untimely. With that representation, the Supplement and LRCiv 7.2(j) already give Plaintiff everything the Motion seeks. No modification of the Scheduling Order is needed.

## II. BACKGROUND

### A. July 2 Responses.

On July 2, 2026, Defendant Thornell responded to Plaintiff's Count III discovery. In his sworn Response to Interrogatory No. 1, the Director stated that the existing mechanical fire alarm, smoke detection, and fire suppression systems at ASPC-Tucson, including Rincon Unit, are currently not operational. He also disclosed that ADCRR has initiated a project to upgrade the fire alarm and fire sprinkler systems and has submitted a scope of work to the Arizona State Procurement Office. In further response to RFP No. 8, Defendant Thornell objected to producing Post Orders as security-sensitive and objected to the request's reference to a "2025–26 Tucson Fire code amendment" as vague and premised on facts not established.

### B. September 14 Correspondence and September 18 Conference.

On September 14, 2026, Plaintiff sent correspondence Defendants' counsel requesting additional records, in five new categories, for Rincon Unit, Buildings 10 and 11, from January 1, 2023 to the present. On September 18, Plaintiff and Defendants' counsel participated in a good-faith telephonic conference on the outstanding Count III discovery. Plaintiff signed and mailed the Motion the same day.

**C. October 2 Supplement.**

On October 2, 2026, Defendant Thornell served the Supplement. The Supplement:

1. Explains that no responsive "Tucson Fire Code amendment" exists. ADCRR facilities are exempt from local fire codes absent an intergovernmental agreement, A.R.S. § 34-461(D), and no such agreement has existed between ADCRR and the City of Tucson or Pima County during the relevant period.

2. Identifies the publicly available authority that governs, or bears on, the established fire watch protocols at ASPC-Tucson: A.R.S. § 37-1381 et seq.; A.R.S. § 37-1307(E); the state fire code administered by the Office of the State Fire Marshal, which incorporates the International Fire Code, including IFC §§ 404 and 901.7; and ADCRR Department Order 404.

3. States that counsel has asked ADCRR to review any responsive Post Orders and identify security-sensitive information for redaction, consistent with Plaintiff's stated willingness to accept reasonable redactions, and that Defendant Thornell will supplement on receipt of ADCRR's response.

4. Responds to each of the five additional categories of information sought in the September 14 correspondence, subject to objections that the categories are cumulative of the sworn Interrogatory No. 1 response, raise institutional-security and deliberative-process concerns, and were not propounded under Rule 34. For each category, ADCRR's production and redaction review is underway, and Defendant Thornell will supplement on its completion.

5. Commits that any withheld or redacted material will be identified in a privilege log.

## III. ARGUMENT

**A. The Motion is Moot as to the RFP No. 8 Supplementation.**

The Motion asks the Court to preserve Plaintiff's ability to challenge "the promised RFP No. 8 supplementation" once it is served. [Doc. 50] at 3–4. On October 2, 2026,

subsequent to the Motion, Defendants served the Supplement. The Supplement answers the premise of RFP No. 8, explaining that the Tucson Fire Code does not govern ASPC-Tucson under A.R.S. § 34-461(D). It identifies the state statutes, the state fire code and IFC provisions, and the Department Order that do. Plaintiff can now evaluate the Supplement and, if he disagrees with it, proceed like any other discovery dispute. No order is needed to preserve a challenge to a document already in his hands.

**B. As to an Anticipated Privilege Log, the Requested Modification is Unnecessary.**

**1. Any Forthcoming Log Will Be Served with Production It Describes.**

Rule 26(b)(5)(A) requires a party withholding information as privileged to describe it in a way that lets the other side assess the assertion. That description, however, depends on what is actually withheld or redacted. Here, ADCRR is reviewing the Post Orders, and other information potentially responsive to the September 14 categories to make production determinations and identify security-sensitive information, consistent with Plaintiff's own offer to accept reasonable redactions.

The October 2 Supplement told Plaintiff this, and it committed to identifying any withheld or redacted material in a privilege log. A log served before that review is finished could not accurately describe redactions not yet made. Defendants will serve a log with any supplemental production promptly upon completion of ADCRR's review.

**2. Defendants Will Not Argue Untimeliness to Challenges to Any Forthcoming Privilege Log.**

The Motion's only concern is that a challenge might be deemed untimely "solely because" the log is produced after the otherwise applicable discovery-dispute deadline. [Doc. 50] at 4–5. Defendants represent that they will not make that argument. Defendants will not contend that a challenge confined to any forthcoming privilege log, any documents it identifies, and any corresponding redactions is untimely because the log was served after the discovery-dispute deadline. This representation resolves the only risk the Motion identifies.

**C. Plaintiff's Account of the September 18 Conference is Immaterial.**

The Motion recounts Plaintiff's recollection of statements by Defendants' counsel about the fire-suppression system and related procurement. [Doc. 50] at 2. Plaintiff concedes that he does not ask the Court to adjudicate their truth. *Id.* The operational status of the systems is not in dispute. The Director has already stated under oath that the fire alarm, smoke detection, and fire suppression systems at Rincon Unit are not operational, and has disclosed the pending upgrade project and its submission to the State Procurement Office. Defendants rely on that sworn response. They do not adopt Plaintiff's paraphrase of the conference, including statements purportedly made by Defendants' counsel and any characterization of how long the systems have been out of service. None of it bears this procedural motion.

## IV. CONCLUSION

The Supplement has been served. Any privilege log will be served with any forthcoming production of documents to which privilege is claimed, and Defendants will not argue that a challenge to it is untimely because of its timing. Defendants respectfully request that the Court deny Plaintiff's Motion as moot. Alternatively, if the Court grants relief, Defendants request that it be limited to any forthcoming privilege log, the documents it identifies, and the corresponding redactions.

DATED this 9th day of October, 2026.

By: */s/ Brian Bergin*
Brian Bergin
Kevin Kasarjian
4343 East Camelback Road, Suite 210
Phoenix, AZ 85018
*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 9, 2026, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF system for filing, which will provide a Notice of Electronic Filing to all CM/ECF registrants.

I further certify that, on this same date, the foregoing document and a Notice of Electronic Filing were served by mail to the following, who is not a registered participant of the CM/ECF system:

Arizona Department of Corrections, Rehabilitation & Reentry
Andre M. Leteve, #277278
ASPC/Tucson/Rincon D/Row
801 E Jefferson St
Phoenix, AZ 85034

By: */s/ Shelly Hilton*