Brian Bergin, #016375
Kevin Kasarjian, #020523
**Bergin, Frakes, Smalley & Oberholtzer, PLLC**
4343 East Camelback Road, Suite 210
Phoenix, Arizona 85018
Telephone: (602) 888-7855
Facsimile: (602) 888-7856
bbergin@bfsolaw.com
kkasarjian@bfsolaw.com
*Attorneys for Defendants*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Andre Michael Leteve,<br><br>Plaintiff,<br><br>vs.<br><br>Ryan Thornell, et al.,<br><br>Defendants. | Case No.: CV-25-00622-TUC-JGZ<br><br>**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR COURT APPOINTMENT OR DESIGNATION OF A RULE 28 OFFICER FOR THE RULE 31 DEPOSITION OF SGT. HORTON [DOC. 51]** |

Defendants Thornell and Martinez, in their official capacities, by and through undersigned counsel, respectfully submit this Response in Opposition to Plaintiff's Motion for Court Appointment or Designation of a Rule 28 Officer for the Rule 31 Deposition of Sgt. Horton [Doc. 51] (the "Motion"). The Motion should be denied as premature and, in any event, because it asks the Court to supply, at no cost, the officer, cost estimate, and funding source that the Court's Scheduling Order [Doc. 29] requires Plaintiff himself to provide.

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

The Motion is Plaintiff's latest filing directed at obtaining sworn testimony from non-party Sgt. Horton, and it asks for relief that is either premature or unavailable.

First, the Motion is expressly contingent. Plaintiff asks the Court to appoint an officer only "if it grants or permits the Rule 31 examination sought in Document 41." Motion at 5. The Court has not yet ruled on Plaintiff's request for leave to obtain discovery from Sgt. Horton [Doc. 41]. If that request is denied, this Motion is moot.

Second, the Motion does not cure the deficiency Defendants identified in opposing Plaintiff's request. Plaintiff still has not identified an officer, an estimated cost, or a source of funds, as this Court's Scheduling Order requires. [Doc. 29] at 6. Rather, he asks the Court to find an officer for him, to have that officer serve for free or at reduced cost, or to direct defense counsel to help him locate one. Rule 28 does not provide authority for Plaintiff to obtain that relief.

Rule 28(a)(1)(B) allows the Court to appoint a person to administer oaths. It does not, however, authorize the expenditure of public funds, compel any person to serve without compensation, or shift a noticing party's recording costs to the opposing party. Plaintiff's Motion concedes that 28 U.S.C. § 1915 does not pay for his discovery. [Doc. 51] at 1, 3. Pursuing the same result through Rule 28 does not change the answer.

## II. BACKGROUND

The only claims remaining in this action are Plaintiff's official-capacity claims for prospective relief against Defendants Thornell and Martinez. [Doc. 20.] Sgt. Horton is not a party, and his proposed testimony relates only to Count Two.

In [Doc. 41], Plaintiff sought leave to obtain Sgt. Horton's sworn testimony by written questions or, alternatively, through telephonic deposition. Plaintiff acknowledged that he did not know the identity of a qualified Rule 28 officer, the cost, or the source of funds. He asked for permission to supply those details within 14 days after the Court ruled on his request, or for an order "directing the parties to confer concerning an available notary public, court reporter, or other qualified officer." [Doc. 41] at 2.

Defendants have opposed Plaintiff's request. [Doc. 46.] Defendants argued that Plaintiff had not made the threshold showing required by this Court's Scheduling Order,

and that the requested discovery was disproportionate. In the alternative, Defendants have asked that any examination proceed only by written questions under Rule 31, and only after Plaintiff first identifies a qualified Rule 28 officer, the estimated cost, and the source of funds. [Doc. 46] at 7-8.

In reply, Plaintiff withdrew his oral-deposition alternative and narrowed his proposed examination to 16 written questions. [Doc. 49] at 2. Plaintiff's request to take discovery from Sgt. Horton, therefore, has been fully briefed and remains pending this Court's ruling.

On September 24, 2026, Plaintiff filed his Motion. It asks the Court, if his request to take the written deposition of Sgt. Horton is granted, to: (1) appoint or designate a neutral officer under Rule 28(a)(1)(B); (2) have that officer serve without charge to Plaintiff or at the lowest practicable cost; (3) alternatively, direct the parties to confer about an available officer and a no-cost or reduced-cost procedure; and (4) give Plaintiff 14 more days after the Court's order to supply the officer, cost, and funding information. [Doc. 51] at 5. Plaintiff expressly acknowledges that 28 U.S.C. § 1915 does not require the United States to pay deposition expenses and suggests that the Court find such cost-shifting authority under Rule 28. *Id.* at 1.

## III. ARGUMENT

### A. The Motion is Premature Because It Depends on Relief the Court Has Not Granted.

By its own terms, the Motion seeks relief only "if [the Court] grants or permits the Rule 31 examination sought in Document 41." [Doc. 51] at 5. Plaintiff's request for leave to conduct non-party discovery remains pending, and Defendants have opposed it on independent grounds. [Doc. 46.] If the Court denies Plaintiff's request, there will be no deposition for an officer to take, and this Motion will be moot.

The Court should, therefore, first determine whether to require non-party, Sgt. Horton to submit himself for deposition on written questions. At a minimum, it should deny this Motion as premature.

**B. Rule 28 Does Not Supply What Plaintiff Lacks: A Funded Officer.**

**1. Plaintiff does not need an appointment; he needs a source for paying the officer.**

Rule 28(a)(1) permits a deposition to be taken before "an officer authorized to administer oaths either by federal law or by the law in the place of examination," or before "a person appointed by the court." Fed. R. Civ. P. 28(a)(1)(A)–(B). Officers authorized by state law, including Arizona notaries public, may already administer oaths without any appointment. *See* A.R.S. § 41-251, 269. Court reporters likewise qualify.

The obstacle Plaintiff describes is not a lack of legal authority for anyone to take the deposition. It is that Plaintiff cannot afford to pay a qualified officer and cannot arrange for one from prison. [Doc. 51] at 3. An order under Rule 28(a)(1)(B) does not remove either obstacle. It would simply give an appointee the authority that a notary or reporter already has, while leaving the questions of who serves and who pays exactly where they are now.

**2. The Court cannot order the service to be provided at public expense.**

The expenditure of public funds on behalf of an indigent litigant "is proper only when authorized by Congress . . ..". *United States v. MacCollom*, 426 U.S. 317, 321 (1976); *see* U.S. Const. Art. I, § 9, cl. 7. Applying that principle, the Ninth Circuit has held that the *in forma pauperis* statute, 28 U.S.C. § 1915, does not authorize the expenditure of public funds for discovery-related costs such as witness fees. *Tedder v. Odel*, 890 F.2d 210, 211–12 (9th Cir. 1989); *Dixon v. Ylst*, 990 F.2d 478, 480 (9th Cir. 1993).

Plaintiff concedes this point. [Doc. 51] at 1. He asks the Court instead to use Rule 28. But Rule 28 is a rule of procedure. It identifies who may take a deposition; it contains no appropriation and no fee-waiver provision. The Federal Rules "shall not abridge, enlarge or modify any substantive right." 28 U.S.C. § 2072(b). Reading Rule 28(a)(1)(B) as authority to require an appointee's services to be paid from public funds, or provided free, would create through a procedural rule the very entitlement that Congress withheld in 28 U.S.C. § 1915.

Nor does Rule 28 authorize the Court to compel a private reporter or notary to work without compensation. Plaintiff identifies no person willing to do so, and no authority permitting the Court to conscript one.

**C. Defendants Should Not Be Required to Locate, Supply, or Pay for Plaintiff's Officer.**

Plaintiff's alternative request that the Court "direct the parties to confer and jointly identify" a no-cost or reduced-cost officer [Doc. 51] at 5 proposes to shift to Defendants the burden of arranging Plaintiff's own discovery. The Federal Rules place that burden on the party seeking the deposition.

Under Rule 31(b), the party who noticed the deposition must deliver the questions to the officer. Fed. R. Civ. P. 31(b). The noticing party also bears the recording expense. Fed. R. Civ. P. 30(b)(3)(A). This Court's Scheduling Order likewise requires the incarcerated Plaintiff, not his opponent, to identify the officer, cost, and source of funds. [Doc. 29] at 6. An order directing defense counsel to help Plaintiff find and fund an officer would effectively make Defendants the administrators of discovery against themselves.

## IV. CONCLUSION

Based upon the foregoing, Defendants respectfully request that the Court deny Plaintiff's Motion as moot if his request for leave to conduct non-party discovery [Doc. 41] is denied, and otherwise deny it on the merits.

DATED this 9th day of October, 2026.

By: */s/ Brian Bergin*
Brian Bergin
Kevin Kasarjian
4343 East Camelback Road, Suite 210
Phoenix, AZ 85018
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on October 9, 2026, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF system for filing, which will provide a Notice of Electronic Filing to all CM/ECF registrants.

I further certify that, on this same date, the foregoing document and a Notice of Electronic Filing were served by mail to the following, who is not a registered participant of the CM/ECF system:

Arizona Department of Corrections, Rehabilitation & Reentry
Andre M. Leteve, #277278
ASPC/Tucson/Rincon D/Row
801 E Jefferson St
Phoenix, AZ 85034

By: *<u>/s/ Shelly Hilton</u>*