**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

André Michael Letevé, Plaintiff,
v.
Ryan Thornell, et al., Defendants.

Case No. 4:25-cv-00622-JGZ

# PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR COURT APPOINTMENT OR DESIGNATION OF A RULE 28 OFFICER (DOC. 51)

Reply to Defendants' Opposition (Doc. 58)

Plaintiff André Michael Letevé, proceeding pro se, respectfully replies to Doc. 58 and asks the Court to consider this reply together with his accompanying motion for leave to file out of time.

## I. The Rule 28 request was conditional

Defendants contend Doc. 51 is premature because Plaintiff's underlying request for a Rule 31 deposition of Sgt. Horton (Doc. 41) remains pending. (Doc. 58 at 2–3.) Plaintiff acknowledges that the deposition cannot proceed unless the Court first permits it. Doc. 51 was intended as a conditional request addressing an anticipated procedural obstacle, not a request to bypass a ruling on Doc. 41. The Court may defer Doc. 51 until it resolves Doc. 41 or deny Doc. 51 without prejudice if it finds the request premature.

## II. Designation of an officer does not resolve payment

Defendants argue Rule 28 does not require the government to finance a deposition or compel a private officer to serve without compensation. (Doc. 58 at 4–5.) Plaintiff does not claim that incarcerated or in forma pauperis status confers a right to publicly funded discovery. Rule 28(a)(1)(B) permits depositions before a person appointed by the Court, but does not itself establish a funding source. Plaintiff recognizes that the scheduling order (Doc. 29) requires appropriate arrangements for a qualified officer, costs, and funding. If the Court permits the deposition, Plaintiff requests a limited opportunity, subject to applicable deadlines, to identify an officer, estimated expenses, and a lawful funding arrangement.

## III. Plaintiff narrows any request directed to defense counsel

Plaintiff does not request an order compelling Defendants to locate, retain, or pay a deposition officer. To the extent Doc. 51 suggested compulsory assistance from defense counsel, Plaintiff limits that aspect to voluntary discussion of feasible arrangements. Plaintiff's proposed testimony from Sgt. Horton concerns Count Two, and Defendants acknowledge the written questions were narrowed to sixteen. (Doc. 58 at 3.) Relevance and scope should be distinguished from the separate logistical requirements for taking sworn testimony.

**IV. Relief requested**

Plaintiff requests that the Court (1) consider Doc. 51 with Doc. 41 or defer ruling until Doc. 41 is decided; (2) if the deposition is permitted, allow a limited opportunity consistent with Doc. 29 and applicable deadlines to provide officer, cost, and funding information; or (3) deny Doc. 51 without prejudice if presently premature or insufficiently supported.

Dated: October 29, 2026

André Michael Letevé
Plaintiff, pro se
TUCSON RINCON IV, 801 E JEFFERSON ST PHX AZ 85034

**CERTIFICATE OF SERVICE**

I certify that on Oct 29th, 2026, I served this reply upon counsel for Defendants by:
USPS Mail.

André Michael Letevé