Andre M. Leteve 277278
ASPC Tucson/Rincon 2/C61
~~PO Box 24401~~ 801 E. JEFFERSON ST
Bldg. 11 C 11 PHX AZ 85034
~~Tucson, AZ 85734-4401~~

☒ FILED ☐ LODGED
Oct 29 2026
CLERK U.S. DISTRICT COURT
DISTRICT OF ARIZONA

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ANDRE M. LETEVE,<br><br>Petitioner,<br><br>vs.<br><br>RYAN THORNELL, et al.,<br><br>Respondents. | No. CV-25-00622-TUC-JGZ<br><br>PLAINTIFF'S MOTION FOR LIMITED MODIFICATION OF SCHEDULING ORDER (DOC 29) EXTENSION OF COUNT THREE DISCOVERY TO DECEMBER 17TH 2026, AND LIMITED DISCOVERY-DISPUTE RELIEF. |

## I. RELIEF REQUESTED.

PLAINTIFF ANDRÉ M. LETEVÉ REQUESTS, UNDER FEDERAL RULE OF CIVIL PROCEDURE 16(b)(4), A LIMITED MODIFICATION OF THE SCHEDULING, DISCLOSURE, AND DISCOVERY ORDER (DOC 29). HE REQUESTS THAT DISCOVERY CONFINED TO COUNT THREE BE COMPLETED BY DECEMBER 17TH 2026, INSTEAD OF NOVEMBER 2, 2026, AND THAT THE COURT ALLOW A REASONABLE PERIOD

TO ADDRESS DISPUTES CONCERNING THE OUTSTANDING PRIVILEGE LOG, SUPPLEMENTAL PRODUCTION, AND SPECIFICALLY IDENTIFIED RECORDS DISCLOSED THROUGH DEFENDANT THORNELLS OCTOBER 14, 2026 OPPOSITION (DOC 59). THIS MOTION DOES NOT SEEK TO REOPEN DISCOVERY CONCERNING COUNTS ONE OR TWO.

PLAINTIFF ASKS THE COURT TO CONSIDER THIS REQUEST TOGETHER WITH HIS EARLIER LIMITED-MODIFICATION REQUEST (DOC 50), RATHER THAN AS A DUPLICATE CHALLENGE TO THE SAME PRIVILEGE-LOG DISPUTE. IF DOC. 50 HAS ALREADY BEEN DECIDED, PLAINTIFF REQUESTS RELIEF ONLY TO THE EXTENT NOT ALREADY GRANTED.

## II PROCEDURAL HISTORY AND DILIGENCE

DOC. 29 WAS ENTERED JUNE 5, 2026, AND DIRECTS THAT DISCOVERY BE COMPLETED WITHIN 150 DAYS, YIELDING NOVEMBER 2ND, 2026, ABSENT SUBSEQUENT MODIFICATION. THE ORDER ALSO ESTABLISHES EARLIER DEADLINES AND CONSULTATION REQUIREMENTS FOR MOTIONS TO COMPEL. IN THE JULY 2, 2026 RESPONSE TO COUNT THREE REQUEST FOR PRODUCTION NO. 8, DEFENDANTS UNDERTOOK TO SEARCH FOR RESPONSIVE FIRE-WATCH AND POLICY MATERIALS, PRODUC QUALIFYING NON-SECURITY-SENSITIVE DOCUMENTS, AND IDENTIFY MATERIALS WITHHELD ON PRIVILEGE GROUNDS. PLAINTIFF RAISED THE OUTSTANDING PRODUCTION AND PRIVILEGED-LOG ISSUE IN CORRESPONDANCE AND DURING A SEPTEMBER 18, 2026 CONFERENCE WITH DEFENSE COUNSEL.

PLAINTIFF THEREAFTER SOUGHT LIMITED PROTECTION OF HIS ABILITY TO CHALLENGE FORTHCOMING PRODUCTION AND A PRIVILEGE LOG IN DOC. 50.

PLAINTIFF ACKNOWLEDGES THAT A SUPPLEMENTAL RESPONSE TO COUNT THREE REQUEST FOR PRODUCTION NO. 8 WAS FILED OR IDENTIFIED IN DOC. 56 ON OCTOBER 2, 2026. HE DOES NOT CLAIM THAT NO SUPPLEMENTATION OCCURRED. WHETHER THAT RESPONSE FULLY PRODUCED THE PROMISED DOCUMENTS, SUPPLIED A PRIVILEGE LOG, AND RESOLVED EACH PREVIOUSLY IDENTIFIED DEFICIENCY MUST BE EVALUATED FROM THE RESPONSE AND ANY LATER PRODUCTION. DEFENDANTS OPPOSITION TO DOC. 50 (DOC. 57) REPORTEDLY DESCRIBED CONTINUING REVIEW AND A FORTHCOMING PRIVILEGE LOG. PLAINTIFF REQUESTS NO RULING PREMISED ON AN UNVERIFIED ASSERTION THAT THE LOG REMAINS ABSENT AS OF THE DATE THIS MOTION IS FILED.

ON OCTOBER 14, 2026, DEFENDANT THORNELL FILED DOC. 59 WITH DECLARATIONS FROM ERIC HANSEN, AMY NEAL, AND WALTER SHANNON AND A REDACTED POST ORDER 35. PLAINTIFF PHYSICALLY RECEIVED THESE MATERIALS OCTOBER 23, 2026. THE NEW DECLARATIONS IDENTIFY PARTICULAR INSPECTIONS, APPROVALS, AN ACTUAL FIRE, AND REPAIR-PROJECT RECORDS THAT PLAINTIFF COULD NOT EVALUATE FROM THOSE DECLARATIONS BEFORE RECEIPT.

III SPECIFICALLY LIMITED DISCOVERY SOUGHT.

THE REQUESTED ADDITIONAL TIME CONCERNS ONLY RECORDS SUFFICIENT TO

ESTABLISH: (1) THE DATE, SCOPE, FINDINGS, AND WRITTEN OR OTHERWISE DOCUMENTED CONDITIONS OF THE FIRE MARSHALS INSPECTION AND APPROVAL OF INTERIM FIRE-WATCH MEASURES FOR RINCON BUILDINGS 10 AND 11; (2) THE OPERATIONAL STATUS, IMPAIRMENT DATES, TESTING, REPAIR, AND RESTORATION OF FIRE ALARMS, SMOKE DETECTION, AND SUPPRESSION SYSTEMS SERVING THOSE BUILDINGS; (3) NON-SECURITY-SENSITIVE FIRE-WATCH COMPLIANCE RECORDS, INCLUDING RECORDS SUFFICIENT TO IDENTIFY WHETHER REQUIRED HALF-HOUR ROUNDS OCCURRED AND WHETHER SUPERVISORS DOCUMENTED EXCEPTIONS; (4) THE MARCH 1, 2026 RINCON FIRE INCIDENT AND RESPONSE, INCLUDING WHETHER DETECTION AND ALARM SYSTEMS OPERATED; AND (5) FINAL PROJECT AUTHORIZATIONS, SCOPE, PROCUREMENT, MILESTONES, AND PROJECTED COMPLETION DATES FOR THE FIRE-SAFETY WORK IDENTIFIED BY WALTER SHANNON.

PLAINTIFF DOES NOT SEEK TACTICAL RESPONSE PLANS, CONFIDENTIAL OFFICER DEPLOYMENT DETAILS, OR UNRELATED STATEWIDE RECORDS. HE ACCEPTS APPROPRIATELY JUSTIFIED REDACTIONS, SUBJECT TO THE COURTS DISCOVERY PROCEDURES. TO THE EXTENT THESE MATERIALS ARE RESPONSIVE TO PREVIOUSLY SERVED REQUESTS, PLAINTIFF SEEKS COMPLETION AND SUPPLEMENTATION UNDER RULE 26(e). TO THE EXTENT ANY CATEGORY IS GENUINELY NEW OR EXCEEDS DOC 29s REQUEST LIMITS, PLAINTIFF REQUESTS EXPRESS LEAVE FOR NARROWLY SPECIFIED SUPPLEMENTAL RULE 34 REQUESTS, NOT AUTOMATIC ENLARGEMENT OF THE LIMITS.

IV. GOOD CAUSE AND TREATMENT OF EXISTING DISCOVERY DISPUTES.

RULE 16(b)(4) PERMITS MODIFICATION FOR GOOD CAUSE AND THE JUDGES CONSENT. THE CENTRAL INQUIRY IS DILIGENCE. JOHNSON V. MAMMOTH RECREATIONS, INC., 975 F.2d 604, 609 (9TH CIR. 1992). PLAINTIFF PURSUED THE FIRE-SAFETY EVIDENCE BEFORE DOC. 59 AND MOVED REGARDING THE ANTICIPATED PRIVILEGE LOG BEFORE THE ORDINARY DISCOVERY CUTOFF. DOC 59 NOW IDENTIFIES CONCRETE ADDITIONAL SOURCES, AND PLAINTIFF RECEIVED IT ONLY TEN DAYS BEFORE DISCOVERY CLOSES.

THE OCTOBER 2 SUPPLEMENTATION REFLECTED IN DOC 59 MUST BE CREDITED, BUT ITS EXISTENCE DOES NOT NECESSARILY RESOLVE WHETHER ALL IDENTIFIED RECORDS WERE PRODUCED. PLAINTIFF REQUESTS A LIMITED PERIOD AFTER ACTUAL RECEIPT OF ANY OUTSTANDING LOG OR DOCUMENTS TO MEET AND CONFER AND, IF NECESSARY, SEEK A FOCUSED ORDER. PLAINTIFF ACKNOWLEDGES THAT DOC. 29s MOTION-TO-COMPEL PROVISIONS MAY REQUIRE MODIFICATION AND REQUESTS THAT MODIFICATION EXPRESSLY; THE FILING OF THIS MOTION DOES NOT ITSELF EXTEND ANY DEADLINE.

PLAINTIFF WILL FIRST CONFER IN GOOD FAITH WITH DEFENSE COUNSEL CONCERNING THE SPECIFIC CATEGORIES AND ANY ASSERTED PRIVILEGES OR SECURITY OBJECTIONS, AS REQUIRED BY DOC. 29 AND RULE 37(a)(1). PLAINTIFF SEEKS A PRACTICLE SCHEDULE THAT AVOIDS BROAD DISCOVERY AND DOES NOT REQUIRE ALTERATION OF UNRELATED DEADLINES UNLESS THE COURT DETERMINES OTHERWISE.

V REQUESTED ORDER

PLAINTIFF REQUESTS THAT THE COURT (A) EXTEND ONLY COUNT THREE DISCOVERY THROUGH DECEMBER 17TH 2026; (B) AUTHORIZE COMPLETION / SUPPLEMENTATION OF PREVIOUSLY REQUESTED RESPONSIVE RECORDS AND, ONLY IF NEEDED, NARROWLY LIMITED ADDITIONAL RULE 34 REQUESTS DIRECTED TO THE IDENTIFIED DOC. 59 RECORDS; (C) REQUIRE THE PARTIES TO CONFER ABOUT THE SCOPE AND TIMING OF ANY OUTSTANDING PRIVILEGE LOG AND NON-SECURITY-SENSITIVE-PRODUCTION; (D) PERMIT ANY FOCUSED DISCOVERY MOTION ARISING FROM THIS PRODUCTION WITHIN 14 DAYS AFTER PLAINTIFF ACTUALLY RECEIVES THE DISPUTED PRODUCTION OR LOG AND COMPLETES THE REQUIRED GOOD-FAITH CONSULTATION, OR ANOTHER PERIOD FIXED BY THE COURT; (E) COORDINATE THIS RELIEF WITH ANY RULING ON DOC. 50 AND AVOID DUPLICATE PROCEEDINGS; AND (F) GRANT FURTHER APPROPRIATE RELIEF.

RESPECTFULLY SUBMITTED
OCTOBER 29TH 2026

[signature]

ANDRÉ M. LETEVÉ, PLAINTIFF PRO SE.
# 277278
TUCSON, RINCON II 11-C-11
801 E. JEFFERSON ST
PHOENIX, AZ 85034

CERTIFICATE OF SERVICE

I CERTIFY THAT ON October 29TH 2026, I SERVED THIS DOCUMENT ON COUNSEL FOR DEFENDANTS BY THE FOLLOWING AUTHORIZED METHOD / ELECTRONIC FILING USING THE CM/ECF

I FURTHER CERTIFY THAT ON THE SAME DATE WAS MAILED TO

MR. BRIAN BERGIN W/ B/E/S/O
ATTORNEY FOR DEFENDANTS
4343 E. CAMELBACK RD SUITE 210
PHX, AZ 85018.