FILED LODGED
Nov 03 2026
CLERK U.S. DISTRICT COURT
DISTRICT OF ARIZONA

Andre M. Leteve 277278
ASPC Tucson/Rincon 2/C61
~~PO Box 24401~~
~~Bldg. 11 C 11~~
~~Tucson, AZ 85734-4401~~
801 E. JEFFERSON ST
PHX, AZ 85034

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

ANDRE M. LETEVE,

Petitioner,

vs.

RYAN THORNELL, et al.,

Respondents.

No. CV-25-00622-TUC-JGZ

PLAINTIFFS EMERGENCY MOTION FOR LIMITED PRESERVATION ORDER CONCERNING OCTOBER 24-25 FIRE WATCH TOWER LOGS AND SURVEILLANCE RECORDINGS; REQUEST FOR EXPEDITED CONSIDERATION AND CONDITIONAL IN-CAMERA REVIEW.

PLAINTIFF ANDRE' M. LETEVE, PROCEEDING PRO SE, RESPECTFULLY SEEKS IMMEDIATE, LIMITED PRESERVATION OF EXISTING EVIDENCE THAT MAY OTHERWISE BE OVERWRITTEN BEFORE ORDINARY DISCOVERY PROCEDURES CAN OPERATE. PLAINTIFF REQUESTS PRESERVATION NOW; HE DOES NOT PRESENTLY MOVE TO COMPEL PRODUCTION OF THESE RECORDS OR SEEK UNRESTRICTED ACCESS TO PRISON SECURITY FOOTAGE

ANY LATER PRODUCTION, REDACTION, OR IN-CAMERA REVIEW MAY BE ADDRESSED UNDER A SEPARATE PROCEDURE ESTABLISHED BY THE COURT.

I. SPECIFIC FACTUAL BASIS.

1. COUNT III CONCERNS ALLEGED FIRE AND LIFE-SAFETY CONDITIONS AT ASPC-TUCSON, RINCON II, INCLUDING HOUSING BUILDINGS 10 AND 11. PLAINTIFF FILED A DECLARATION ON OCTOBER 29TH 2026 (DOC. 67), REPORTING OBSERVATIONS CONCERNING FIRE-WATCH ROUNDS ON OCTOBER 24 AND 25, 2026. THE ACCURACY AND COMPLETENESS OF CONTEMPORANEOUS TOWER LOGS AND AVAILABLE SURVEILLANCE RECORDINGS MAY CORROBORATE OR TEST THOSE OBSERVATIONS.

2. PLAINTIFF UNDERSTANDS THAT HOUSING OFFICERS ENTER WALKS AND OTHER NOTABLE EVENTS IN TOWER LOGS AND THAT EACH BUILDING 10 AND 11 HAS THREE WING SURVEILLANCE CAMERAS. PLAINTIFF REQUESTS PRESERVATION OF THE COMPLETE AVAILABLE RECORDINGS AND CORRESPONDING LOGS FOR THE TWO DATES, NOT MERELY CLIPS SELECTED BY EITHER PARTY. PLAINTIFF DOES NOT ASSERT THAT ANY EVIDENCE HAS BEEN STAGED, ALTERED, OR SELECTIVELY EDITED.

3. PLAINTIFF HAS BEEN INFORMED THAT SAVED VIDEO MAY BE RETAINED FOR APPROXIMATELY TEN DAYS. HE DOES NOT KNOW WHETHER DELETION IS AUTOMATIC OR MANUAL, HOW THE PERIOD IS CALCULATED, OR WHETHER BACKUP OR EXPORTED COPIES EXIST. IF THE REPORTED PERIOD IS ACCURATE, OCTOBER 24-25 RECORDINGS FACE IMMINENT RISK OF ROUTINE LOSS. PLAINTIFF HAS NOT PREVIOUSLY REQUESTED PRESERVATION OF THESE PARTICULAR RECORDS.

4. ON OCTOBER 29, 2026, PLAINTIFF FILED A MOTION FOR LIMITED MODIFICATION OF THE SCHEDULING ORDER (DOC. 68), REQUESTING EXTENSION OF COUNT III DISCOVERY TO DECEMBER 17, 2026. THAT MOTION REMAINS PENDING TO PLAINTIFFS KNOWLEDGE. PLAINTIFF DOES NOT CONTEND THAT DOC. 68 AUTOMATICALLY CHANGES ANY DEADLINE.

II DOCUMENT 29 AND PROCEDURAL POSTURE.

5. THE SCHEDULING, DISCLOSURE, AND DISCOVERY ORDER (DOC. 29, FILED JUNE 5, 2026) PROVIDES FOR DISCOVERY TO BE COMPLETED WITHIN 150 DAYS (P. 8 §6). IT ALSO REQUIRES GOOD-FAITH COOPERATION AND AN ATTEMPT TO CONFER BY TELEPHONE OR LETTER BEFORE SEEKING TO COMPEL DISCLOSURE (P. 7 §5), AND SET DEADLINES FOR MOTIONS TO COMPEL (P. 8 §5). PLAINTIFF ACKNOWLEDGES THESE PROVISIONS AND DOES NOT SEEK TO EVADE THEM THROUGH AN UNTIMELY MOTION TO COMPEL.

6. THE PRESENT REQUEST SEEKS ONLY AN INTERIM HOLD ON EXISTING RECORDS SO THAT THE COURT CAN LATER DETERMINE, IF NECESSARY AND PROCEDURALLY AUTHORIZED, WHETHER ANY PRODUCTION OR PROTECTED REVIEW IS WARRANTED. THE ORDINARY 30 DAY RESPONSE PERIOD FOR A NEW RULE 34 REQUEST (DOC. 29 p. 5, § 4(B)) WOULD NOT PROTECT VIDEO FACING POSSIBLE DELETION WITHIN APPROXIMATELY TEN DAYS. PLAINTIFF REQUESTS EXPEDITED PRESERVATION INDEPENDENT OF THE OUTCOME OF DOC. 68 AND, TO THE EXTENT NEEDED, A NARROW MODIFICATION UNDER FED. R. CIV. P. 16(b)(4) SOLELY TO PERMIT PRESERVATION AND ORDERLY RESOLUTION OF THIS NEWLY IDENTIFIED ISSUE.

7. PLAINTIFF HAS ASKED THAT AN URGENT PRESERVATION LETTER BE TRANSMITTED TO DEFENSE COUNSEL BRIAN BERGIN BY J. WESTCOTT ON PLAINTIFFS BEHALF. THE COURTS § 5 CONFERENCE REQUIREMENT ALLOWS A GOOD-FAITH ATTEMPT BY TELEPHONE OR LETTER. BEFORE FILING, PLAINTIFF WILL ACCURATELY STATE THE DATE OF TRANSMISSION, ANY RESPONSE, AND ANY TELEPHONE OR WRITTEN EFFORTS TO CONFER. PLAINTIFF REQUESTS THAT THE COURT CONSIDER THE UNUSUALLY SHORT REPORTED RETENTION PERIOD AND HIS LIMITED ACCESS TO OUTGOING COMMUNICATIONS WHEN ASSESSING THE NEED FOR EXPEDITED INTERIM RELIEF.

III BASIS FOR LIMITED PRESERVATION.

8. FED. R. CIV. P. 26(b)(1) AND 34(a) GOVERN DISCOVERABLE DOCUMENTS AND ELECTRONICALLY STORED INFORMATION; RULE 26(c) PERMITS APPROPRIATE PROTECTIVE MEASURES FOR LEGITIMATE INSTITUTIONAL-SECURITY CONCERNS; RULE 16(b)(4) GOVERNS SCHEDULING MODIFICATIONS. THE COURT HAS AUTHORITY TO MANAGE DISCOVERY AND ENTER APPROPRIATE ORDERS TO PREVENT LOSS OF POTENTIALLY RELEVANT EVIDENCE. PLAINTIFF DOES NOT SEEK RULE 37(e) SANCTIONS AND DOES NOT CLAIM, WITHOUT EVIDENCE, THAT DESTRUCTION OR MANIPULATION HAS OCCURRED.

9. THE REQUESTED HOLD IS LIMITED TO OCTOBER 24 AND 25, 2026, BUILDINGS 10 AND 11, THEIR CORRESPONDING TOWER LOGS, AND AVAILABLE RECORDINGS FROM THE REPORTED SIX WING CAMERAS. PLAINTIFF DOES NOT SEEK ACCESS TO LIVE FEEDS, PASSWORDS, SECURITY-SYSTEM ARCHITECTURE, TACTICAL PLANS, OR ANY OTHER UNRELATED INSTITUTIONAL-SECURITY INFORMATION.

## IV REQUESTED RELIEF

PLAINTIFF RESPECTFULLY REQUESTS THAT THE COURT:

A. DIRECT DEFENDANTS PROMPTLY TO INSTRUCT ADCRR CUSTODIANS TO PRESERVE ALL STILL-EXISTING COMPLETE TOWER LOGS FOR BUILDINGS 10 AND 11 FOR OCTOBER 24-25, 2026, INCLUDING CORRECTIONS AND SURROUNDING ENTRIES, AND ALL STILL EXISTING FULL RECORDINGS FOR THOSE DATES FROM THE THREE REPORTED WING CAMERAS IN EACH BUILDING;

B. DIRECT SUSPENSION OF ROUTINE DELETION OR OVERWRITING OF THE IDENTIFIED EVIDENCE AND PRESERVATION OF EXISTING ORIGINAL/NATIVE FILES OR RELIABLE COMPLETE EXPORTS, TIME STAMPS, AVAILABLE METADATA, BACKUPS, EXPORTS AND AUDIT HISTORIES, AND RELEVANT RETENTION/DELETION INFORMATION, WITHOUT REQUIRING CREATION OF DATA THAT DOES NOT EXIST;

C. REQUIRE A BRIEF DECLARATION BY A KNOWLEDGEABLE CUSTODIAN, ON A SCHEDULE THE COURT CONSIDERS APPROPRIATE, IDENTIFYING THE RECORDS ACTUALLY PRESERVED, PRESERVATION DATES AND METHODS, THE APPLICABLE RETENTION PRACTICE TO THE EXTENT KNOWN, AND ANY MISSING OR OVERWRITTEN MATERIAL;

D. PERMIT DEFENDANTS TO IDENTIFY SPECIFIC SECURITY CONCERNS AND PROPOSE SECURE RETENTION OR SEALED SUBMISSION; DEFER DISCLOSURE AND ANY TARGETED IN-CAMERA REVIEW UNTIL THE COURT DETERMINES THAT SUCH REVIEW IS NECESSARY AND PROPORTIONATE, OR ALTERNATIVELY DIRECT A NEUTRAL OR CUSTODIAN-ASSISTED REVIEW UNDER APPROPRIATE SAFEGUARDS;

E. EXPEDITE CONSIDERATION, AND IF APPROPRIATE ENTER TEMPORARY PRESERVATION RELIEF BEFORE THE RECORDINGS MAY BE ROUTINELY ERASED; COORDINATE ANY LATER DISCOVERY WITH PENDING DOC. 68 AND DOC. 29 WITHOUT TREATING THIS REQUEST AS AN AUTOMATIC EXTENSION OF DISCOVERY; AND

F. GRANT SUCH OTHER NARROWLY TAILORED RELIEF AS THE COURT DEEMS JUST.

## V GOOD FAITH CONTACT AND EMERGENCY CERTIFICATION

10. PLAINTIFFS FACTUAL RECORD OF NOTICE AND CONSULTATION IS AS FOLLOWS: THE PRESERVATION NOTICE WAS TRANSMITTED BY J. WESTCOTT ON PLAINTIFFS BEHALF TO DEFENSE COUNSEL ON NOVEMBER 2ND, 2026 AT APPROXIMATELY 3:00 P.M. BY EMAIL TO bbergin@bfsolaw.com / shilton@bfsolaw.com COUNSEL AS OF 7AM 11/3/26 HAS NOT RESPONDED.

PLAINTIFF ADDITIONALLY ATTEMPTED TO ARRANGE A TELEPHONE CONFERENCE ON 11/2/2026 WITH MR. BERGIN AT THE END OF THE DEPOSITION OF PLAINTIFF LETEVE, HOWEVER, MR. BERGIN DECLINED TO DISCUS ANY PARTICULARS AT THAT TIME.

11. THE URGENCY ARISES FROM THE REPORTED APPROXIMATELY 10 (TEN) DAY VIDEO-RETENTION PERIOD AND PLAINTIFFS INABILITY TO DETERMINE THE PRECISE DELETION MECHANISM. PLAINTIFF REQUESTS INTERIM PRESERVATION ONLY, WITHOUT A FINDING OF MISCONDUCT OR A RULING ON THE MERITS. IF THE COURT FINDS THAT ADDITIONAL CONSULTATION IS REQUIRED, PLAINTIFF REQUESTS A SHORT PERIOD TO COMPLETE IT WHILE A TEMPORARY PRESERVATION HOLD REMAINS IN PLACE.

## VI CONCLUSION.

FOR THESE REASONS, PLAINTIFF REQUESTS EXPEDITED PRESERVATION OF THE IDENTIFIED EVIDENCE, A BRIEF CUSTODIAN DECLARATION, AND A LATER COURT-SUPERVISED PROCEDURE FOR ANY CONTESTED ACCESS OR IN-CAMERA REVIEW.

RESPECTFULLY SUBMITTED ON

ANDRÉ M. LEFEVÉ
PLAINTIFF, PRO SE

CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT ON , I ELECTRONICALLY TRANSMITTED THE FORGOING DOCUMENT TO THE CLERK'S OFFICE USING THE CM/ECF SYSTEM FOR FILING, WHICH WILL PROVIDE A NOTICE OF ELECTRONIC FILING TO ALL CM/ECF REGISTRANTS.

I FURTHER CERTIFY THAT, ON THIS SAME DATE, THE FOREGOING DOCUMENT AND NOTICE OF ELECTRONIC FILING WERE SERVED BY MAIL TO THE FOLLOWING

BRIAN BERGIN ATTORNEY FOR THE DEFENDANT.
4343 E. CAMELBACK RD SUITE 210
PHX AZ 85018

BY ANDRÉ M. LEFEVÉ.